397 So.2d 643 (1981)
STATE of Florida, Petitioner,
v.
Julian F. SARMIENTO, Respondent.
No. 57173.
Supreme Court of Florida.
January 15, 1981.
Rehearing Denied May 19, 1981.
Jim Smith, Atty. Gen. and Paul Mendelson, Asst. Atty. Gen., Miami, Fla., for petitioner.
Alvin E. Entin, Mark L. Angert and Ronald A. Dion of Entin, Schwartz, Angert and Dion, North Miami Beach, and Clyde M. Taylor, Jr. of Dickinson, Levy & Taylor, Tallahassee, for respondent.
*644 PER CURIAM.
We have for review the decision of the District Court of Appeal, Third District, in Sarmiento v. State, 371 So.2d 1047 (Fla. 3d DCA 1979), which conflicts with Franco v. State, 376 So.2d 1168 (Fla. 3d DCA 1979). The issue we address is whether the warrantless, electronic interception by state agents of a conversation between defendant and an undercover police officer in defendant's home is an unreasonable interception of defendant's private communications in violation of article I, section 12, Florida Constitution. Jurisdiction vests in this Court pursuant to article V, section 3(b)(3), Florida Constitution (1972).
Closely paraphrased from the district court opinion, the pertinent facts follow. On February 14, 1978, Detective Charles Hitchins of the Monroe County Sheriff's Office, working as an undercover narcotics officer, was at a bar in Key West, Florida. Also present in the bar were defendant Julian Sarmiento and a young girl reputed to be living with him. Detective Hitchins told Sarmiento's girlfriend that he was interested in purchasing some heroin. The girl thereupon left and had a conversation with defendant outside the presence of the detective. She later returned to inform Detective Hitchins that he could make a buy of heroin at the defendant's house trailer which was located next door at 10:30 p.m. that night. Arrangements were made to meet at that location and time.
Detective Hitchins thereafter notified his superior officer of the proposed narcotics purchase who in turn alerted other law enforcement officers. Detective Hitchins was equipped with a hidden electronic "body bug" for the purpose of allowing the surveilling police officers to monitor any conversation Detective Hitchins might have with defendant in the defendant's house trailer that night. No effort was made by any police officer connected with this case to apply for an intercept warrant for the electronic eavesdropping.
Detective Hitchins later went to the defendant's house trailer as planned with a confidential informer and made a purchase of heroin from the defendant. Several law enforcement officers were stationed nearby outside the house trailer pursuant to a prearranged police plan. Two of these officers monitored and overheard certain conversations inside the house trailer by means of the electronic "body bug" worn by Detective Hitchins. The conversations overheard in the house trailer tended to establish that the defendant had participated in selling a quantity of heroin to Detective Hitchins.
At trial, defendant objected to and moved to suppress the testimony of the police officers as to what they heard on the electronic monitor relating to the conversations between defendant and Detective Hitchins in the defendant's house trailer. He argued that such evidence was inadmissible as constituting an unreasonable interception of private communications because of the failure of the police to obtain a prior intercept warrant for the electronic surveillance in this case. The trial court denied the motion. The defendant was convicted as charged and sentenced to ten years in the state penitentiary.
The district court reversed, holding that the electronic interception of the conversation in the trailer was unreasonable and violative of article I, section 12. For the following reasons we approve the district court's decision.
Article I, section 12 of the Florida Constitution provides in relevant part:
The right of the people to be secure in their persons, houses, papers and effects against ... the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, ... the communication to be intercepted, and the nature of evidence to be obtained. Articles or information obtained in violation of this right shall not be admissible in evidence.
The district court correctly analyzed that the definition of "interception of private communications" is a function of one's reasonable *645 expectation of privacy. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). The court also correctly concluded that
[t]he defendant without question assumed the risk that this officer might betray the defendant's trust and reveal, as he did, the contents of this conversation to the outside world. That, in our view, is a reasonable risk which any person assumes when he talks to anyone as the speaker has it within his power to gauge whether to take such a risk based on his personal assessment of the person to whom he is talking. As such, there was no invasion of the defendant's reasonable expectation of privacy [and thus no "interception" in the constitutional sense] for the officer to listen to and later testify, as he did, to the content of the defendant's conversation in the home.
371 So.2d at 1050.
But what makes the issue before us different from the situation above is that Sarmiento did enjoy a reasonable expectation of privacy that no one else was listening to the conversation in the home besides the undercover police officer and others present therein. To assume the risk that one who participates in a conversation held in the home might later reveal the contents of that conversation is one thing, but to assume the risk that uninvited and unknown eavesdroppers might clandestinely participate in that conversation and later reveal its contents is another, and indeed proves too much. We echo Judge Hubbart's sentiments:
We are unwilling to impose upon our citizens the risk of assuming that the uninvited ear of the state is an unseen and unknown listener to every private conversation which they have in their homes. That is too much for a proud and free people to tolerate without taking a long step down the totalitarian road. The home is the one place to which we can retreat, relax, and express ourselves as human beings without fear that an official record is being made of what we say by unknown government agents at their unfettered discretion.
Id. at 1051.
We further concur, for the reasons expressed in the district court opinion, that the interception of Sarmiento's conversation in his home was "unreasonable."
Our colleague in dissent contends vigorously that the Florida Legislature recognizes the right of a police officer to intercept an oral communication when such person is a party to the conversation or where one of the parties to the communication has given prior consent to the interception. § 934.03(2)(c), Fla. Stat. (1977). Our response to this contention is simple; insofar as that statute authorizes the warrantless interception of a private conversation conducted in the home, it is unconstitutional and unenforceable. Our colleague continues that the United States Supreme Court has held that the Federal Constitution permits the type of electronic interception found here. But surely he would concede that the citizens of Florida, through their state constitution, may provide themselves with more protection from governmental intrusion than that afforded by the United States Constitution. A fundamental task of the judiciary is to safeguard the constitutional rights of the citizenry. The criminal justice system must protect the rights of the innocent as swiftly and as certainly as it punishes the guilty, less it impinge upon the rights of those whom it, with good intentions, seeks to protect.
Accordingly, the petition for writ of certiorari is granted, and the decision of the District Court of Appeal, Third District, is approved.
It is so ordered.
SUNDBERG, C.J., and ADKINS, OVERTON, ENGLAND and McDONALD, JJ., concur.
ALDERMAN, J., dissents with an opinion, with which BOYD, J., concurs.
*646 ALDERMAN, Justice, dissenting.
I cannot agree that Sarmiento's rights under article I, section 12, were violated by the interception of his conversation with the undercover detective by way of a monitoring device. In monitoring the conversation, the police officers were acting in accordance with section 934.03(2)(c). They were monitoring the conversations not only to obtain corroborating evidence but also for the protection of the undercover agent.
Sarmiento expressly concedes that he had no reasonable expectation of privacy concerning his communications with the detective insofar as the possibility that the detective would disclose the contents of their conversation. He also concedes he had no reasonable expectation of privacy concerning the possibility that the detective would record the conversation by means of a recorder on his person or a recorder outside the premises. He only asserts that he had a reasonable expectation of privacy that his conversation would not be heard by others outside his home by means of a monitoring device. I find it incredible and untenable to say that although Sarmiento had no initial expectation of privacy in the communications, he had a reasonable expectation of privacy from police officers merely monitoring the conversation by means of a body bug carried by the undercover agent who had consented to the interception.
The Supreme Court of the United States has held that a defendant does not have a justifiable and constitutionally protected expectation that a person with whom he is conversing will not reveal the conversation to the police either then, by means of electronic equipment, or later. United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1970); Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966).
The Supreme Court, in United States v. White, addressed the issue of whether the fourth amendment bars from evidence the testimony of governmental agents who related certain conversations which had taken place between White and an informant and which the officers had overheard by monitoring the frequency of a radio transmitter carried by the informant. In holding that this evidence should not be barred, it considered what expectation of privacy on the part of a criminal defendant is justifiable and reiterated its holding in Hoffa that no matter how strongly a defendant trusts an apparent colleague, his expectations in this respect are not protected by the fourth amendment when it happens that his colleague is a government agent reporting regularly to the authorities. The Court explained:
In these circumstances, "no interest legitimately protected by the Fourth Amendment is involved," for that amendment affords no protection to "a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it." Hoffa v. United States, at 302 [87 S.Ct. at 413]. No warrant to "search and seize" is required in such circumstances, nor is it when the Government sends to defendant's home a secret agent who conceals his identity and makes a purchase of narcotics from the accused, Lewis v. United States, 385 U.S. 206 [87 S.Ct. 424, 17 L.Ed.2d 312] (1966), or when the same agent, unbeknown to the defendant, carries electronic equipment to record the defendant's words and the evidence so gathered is later offered in evidence. Lopez v. United States, 373 U.S. 427 [83 S.Ct. 1381, 10 L.Ed.2d 462] (1963).
.....
Concededly a police agent who conceals his police connections may write down for official use his conversations with a defendant and testify concerning them, without a warrant authorizing his encounters with the defendant and without otherwise violating the latter's Fourth Amendment rights. Hoffa v. United States, 385 U.S., at 300-303 [87 S.Ct., at 412-414]. For constitutional purposes, no different result is required if the agent instead of immediately reporting and transcribing his conversations with defendant, either (1) simultaneously records them with electronic equipment which he *647 is carrying on his person, Lopez v. United States, supra; (2) or carries radio equipment which simultaneously transmits the conversations either to recording equipment located elsewhere or to other agents monitoring the transmitting frequency... .
401 U.S. at 749-51, 91 S.Ct. at 1124-25.
The Supreme Court further determined that, since the fourth amendment gives no protection to the wrongdoer who trusted an accomplice who is or becomes a police agent, it does not protect him when that same agent has recorded or transmitted the conversations which are later offered into evidence to prove the State's case. The Court found it untenable to say, on the one hand, that the activities and reports of the undercover police agent were a reasonable investigative effort and not in violation of the fourth amendment and, on the other hand, that the same agent, carrying a recorder or transmitter, conducted an unreasonable and unconstitutional search and seizure. It held that no different result should be reached and that neither situation violates the fourth amendment.
More recently, in United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979), the Supreme Court reaffirmed its position in White that no fourth amendment rights are violated by an undercover agent carrying radio equipment which transmitted the conversations with defendant to either recording equipment or to officers monitoring the transmitting frequency. The Court held that "[n]either the Constitution nor any Act of Congress requires that official approval be secured before conversations are overheard or recorded by Government agents with the consent of one of the conversants." [Footnote omitted.] 440 U.S. at 744, 99 S.Ct. at 1467.
The Florida legislature expressly recognizes the right of a law enforcement officer to intercept an oral communication when such person is a party to the conversation or where one of the parties to the communication has given prior consent to such interception and the purpose of the interception is to obtain evidence of a criminal act. Section 934.03(2)(c).
In the present case, the monitoring of the conversation was consistent with Florida law and was not a violation of the fourth amendment or article I, section 12, Florida Constitution. In State v. Scott, 385 So.2d 1044 (Fla. 1st DCA 1980), the First District accurately pointed out:
It is now well-established in Florida law that the above constitutional prohibition [article I, section 12, Florida Constitution] against the "unreasonable interception of private communications" may be satisfied either by obtaining a warrant (under Section 934.07), or by assuring that one of the parties to the communication has given prior consent to the interception, and, if consent is relied upon, such consent is evidenced by the testimony of the consenting party, subject to cross-examination, as a condition precedent to the introduction of the recording into evidence. Tollett v. State, 272 So.2d 490 (Fla. 1973); and Franco v. State, 376 So.2d 1168 (Fla. 3rd DCA 1979).
385 So.2d at 1046.
I note with interest that the Third District, in decisions rendered subsequent to the present decision under review, has retreated to some extent from its decision in Sarmiento. Franco v. State, 376 So.2d 1168 (Fla. 3d DCA 1979), involved the admissibility of recordings of conversations with the consent of a law enforcement officer who was a participant in the conversations. Therein, the district court held:
The law is well established that the use of secret informers by the government is not per se unconstitutional and the Fourth Amendment does not protect a wrongdoer's misplaced belief that a person to whom he voluntarily confides his wrongdoing will not reveal it. Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966); Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 347 (1966); see also Walker v. State, 222 So.2d 760 (Fla. 3d DCA 1969), and cases cited therein. The above principle is applicable to Article I, Section 12 of the Florida Constitution (1968), and is codified in Section 934.03(2)(c), Florida Statutes (1975):

*648 "(c) It is lawful under this chapter for a law enforcement officer or a person acting under the direction of a law enforcement officer to intercept a wire or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act."
376 So.2d at 1169-70. Judge Hubbart, who authored Sarmiento, dissented from Franco on the basis that the recording was a prohibited invasion of Franco's rights under article I, section 12, Florida Constitution.
In its subsequent decision of Trinidad v. State, 388 So.2d 1063 (Fla. 3d DCA 1980), the Third District questioned the viability of its decision in Sarmiento in light of State v. Scott.
I find that Sarmiento's rights under article I, section 12, Florida Constitution, and the fourth amendment to the United States Constitution were not violated when the officers monitored the conversation between the defendant and the undercover detective. Accordingly, I would quash the decision of the district court insofar as it holds that the testimony of the monitoring police officers was inadmissible.
BOYD, J., concurs.