417 So.2d 1104 (1982)
STATE of Florida, Appellant,
v.
Raymond C. VANYO, Appellee.
No. 82-279.
District Court of Appeal of Florida, Fourth District.
August 11, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellant.
Diane R. Tolbert, Key West, for appellee.
DOWNEY, Judge.
The State seeks reversal of a trial court order suppressing tape recorded conversations obtained without a warrant. The tapes in question involve a personal conversation between appellee and undercover agents at a restaurant and telephone conversations between appellee in his home and agents outside the home. To establish the geographical and factual setting, we set out a portion of the State's statement of the case and facts:
The Defendant filed a motion to suppress certain evidence, which was tape recordings of intercepted wire or oral communications (S). On January 11, 1982, the trial court conducted a pretrial motion hearing and heard the motion to suppress. The State and the Defense stipulated to the evidentiary basis for the motion. There was no search warrant obtained for any of the interceptions (T.42). All of the communications, which were telephone conversations and one face to face meeting, were recorded with the consent of the undercover law enforcement officers involved, who were parties to the conversations (R 42-43). The recording was not done in the Defendant's home; although telephone conversations with the Defendant when he was in his home were recorded, the recording device was on the other end, outside his home (R.43). The taped face to face meeting occurred in a public restaurant at a Holiday Inn (T.42). The trial court accepted this stipulated statement as true (T.44). (Footnote omitted. Emphasis added.)
With regard to the telephone conversations involving appellee in his home, appellee contends that State v. Sarmiento, 397 So.2d 643 (Fla. 1981), and Odom v. State, 403 So.2d 936 (Fla. 1981), require their suppression because no warrant was obtained. The trial court granted the motion to suppress on authority of Odom, supra.
We hold that the tapes of the conversations held in the public restaurant were not subject to suppression because they complied with the provision of Section 934.03(2)(c), Florida Statutes (1981). The tapes *1105 of the telephone conversations are a little more troublesome because they involve appellee in his home. However, they do not involve a conversation between two or more people all of whom were in appellee's home as in Sarmiento and Odom, supra. Instead, they involve a conversation between appellee in his home and the undercover agent outside the home being recorded outside the home. This type of interception was held to be lawful in Miller v. State, 411 So.2d 944 (Fla. 4th DCA 1982).
In relying upon Odom, the trial judge did not have the benefit of the Supreme Court's decision in Hill v. State, Case No. 60,144, Opinion filed July 15, 1982; 7 Fla.L.W. 324, wherein the Supreme Court made it clear that the taped conversations in Odom took place in Odom's home. Thus, Odom is simply a confirmation of the holding in Sarmiento and not authority for suppression of the tapes in this case.
Accordingly, the order suppressing the tapes in question is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED with directions.
BERANEK and HURLEY, JJ., concur.