420 So.2d 404 (1982)
Patricia D. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. AH-467.
District Court of Appeal of Florida, First District.
October 13, 1982.
Michael E. Allen, Public Defender, and Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for appellee.
SHAW, Judge.
Williams appeals the trial court's denial of her motion to suppress the warrantless recording of certain telephone conversations emanating from her home, the fruits thereof, and the testimony of the police informant who participated in the conversations. Upon denial of her suppression motion, Williams pled nolo contendere but reserved her right to appeal the denial of the suppression motion.
Williams engaged in a series of conversations concerning trafficking in marijuana with a police informant who had consented to the warrantless recording of the conversations. Certain of these conversations took place by telephone while Williams was within her home; others were conducted person-to-person outside the Williams home. Some, but not all, of the telephone conversations were recorded by telephone monitors; *405 the person-to-person conversations were recorded using a "body bug."
Article I, section 12, Florida Constitution provides in pertinent part for the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means [.]" In State v. Sarmiento, 397 So.2d 643 (Fla. 1981), the defendant and undercover agent were in the defendant's home when their conversation was transmitted outside the home by means of a "body bug" to police officers who monitored and recorded the conversation. The court held that the undercover agent could testify as to the contents of the conversation, but the police officers who monitored and recorded the conversation from outside the home could not testify as to the conversation, nor could the recording be introduced. Our reading of Sarmiento and of article I, section 12 is that they protect the person within the home and that this protection is not predicated on the physical location of the person who consents to the recording of the conversation. It matters not whether the consenting party is outside of the home, nor whether the means used to penetrate the privacy of the home is a "body bug," as in Sarmiento, or a telephone, as here. A "body bug" and a telephone are electronic devices which, by transmitting the human voice beyond the confines of the home, provide the means to intrude into the home. Both fall within the phrase "by any means" in article I, section 12. In our view, Sarmiento is dispositive of all the issues posed here: the warrantless recordings of the telephone conversations from within the home must be suppressed; the warrantless recordings of the person-to-person conversations outside the home may be admitted; the police informant may testify as to the contents of all the conversations; and the fruits of all the conversations may be admitted.
Appellee urges that Hill v. State, 422 So.2d 816 (Fla. 1982) supports the trial court's denial of the motion to suppress the warrantless telephone conversations. We disagree. In Hill, the defendant and the undercover agent were both in the backyard of the defendant's home when their conversation was monitored and recorded by police officers elsewhere. The court upheld the introduction of the recording and the testimony of the police officers. In our view, the significant distinction between Hill and Sarmiento is the location of the defendant. In Hill the court simply refused to extend the article I, section 12 "right of the people to be secure in their ... houses ... against the unreasonable interception of private communications by any means" to a person "beyond the four walls of the home." Id. at 818. See also Padgett v. State, 404 So.2d 151 (Fla. 1st DCA 1981), where this Court refused to extend this protection to a motel room. Thus, we do not understand Hill to say that persons within their homes lose the protection of article I, section 12 because other parties to a communication are outside the home.
Our understanding of Sarmiento and Hill is reinforced by our reading of Morningstar v. State, 405 So.2d 778 (Fla. 4th DCA 1981) and Morningstar v. State (Fla. 1982) [1982 FLW 442] (hereafter Morningstar I and II respectively). In Morningstar I, the defendant's conversations with police informants, both telephonic and person-to-person, took place while the defendant was in his office at his place of business. The telephonic conversations were recorded by telephone monitors while the person-to-person conversations were transmitted by a "body bug" to a recorder outside the building. The court interpreted Sarmiento "as rendering inadmissible a communication obtained in a manner otherwise permissible under Section 934.03(2)(c), Florida Statutes (1979) only where that communication emanates from the defendant's home." The court also certified the following question as being of great public importance:
Does Article I, Section 12 of the Florida Constitution prohibit reliance upon Section 934.03(2)(c), Florida Statutes (1979) as to the interception of a private communication *406 emanating from a location other than the defendant's "home"?
In Morningstar II, the Supreme Court answered in the negative, stating that Sarmiento held that "the defendant's home was an area specifically protected by Florida's constitution [article I, section 12][,]" but "[t]hat constitutional protection of the home, recognized in Sarmiento, does not extend to the defendant's office or place of business." Id. at 442. While these quoted words are too cryptic to be utterly dispositive here, it seems clear that implicit in the certified question, and thus in the answer, is the assumption that phone conversations emanating from the home are protected by article I, section 12. Indeed, if such phone conversations are not so protected, it would have been pointless to ask or to answer a question as to whether phone conversations from an office or a place of business were protected. In our view, Morningstar II follows Hill in refusing to extend the Sarmiento and article I, section 12 protection beyond the confines of the home but does not remove or limit the protections afforded within the home.
One other consideration influences our view and deserves comment. The voters of Florida will be presented with a constitutional amendment to article I, section 12, in the November 1982 elections which, if adopted, will effectively nullify Sarmiento. If the voters' will is to nullify Sarmiento, then it will not matter what this Court says here. However, if this proposed amendment is rejected by the voters, then it becomes of great importance that the courts not recede from Sarmiento even as the voters themselves endorse Sarmiento.
We recognize and certify that our decision here conflicts with those in State v. Vanyo, 417 So.2d 1104 (Fla. 4th DCA 1982).
REVERSED and REMANDED.
ERVIN, J., concurs.
ROBERT P. SMITH, Jr., C.J., concurs and dissents with opinion.
ROBERT SMITH, C.J., concurring and dissenting.
I concur in the court's disposition of issues relating to conversations held in person outside the defendant's home. But I do not read the cited decisions of the Supreme Court as protecting telephone conversations, between the defendant at her home and another elsewhere, from electronic interception elsewhere either by listening in or by recording. As long as the defendant's home and expectation of privacy there is not physically compromised, by a body bug as in State v. Sarmiento, 397 So.2d 643 (Fla. 1981), or by other means amounting to an unknown intrusion upon or within the home, I think the Court has declared conversations there, intended by the defendant to be transmitted elsewhere by telephone, beyond the protection of Article I, Section 12, of the Constitution. Hill v. State, 422 So.2d 816 (Fla. 1982); State v. Vanyo, 417 So.2d 1104 (Fla. 4th DCA 1982).