436 So.2d 1132 (1983)
Clinton ADAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 82-622.
District Court of Appeal of Florida, Fifth District.
September 8, 1983.
James B. Gibson, Public Defender, and Curley R. Doltie, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
Appellant was convicted by a jury on the charge of unlawfully trafficking or endeavoring to traffic in stolen property in violation of section 812.019, Florida Statutes (1981). He appeals and we affirm.
Appellant raises five issues on appeal but only one merits discussion  whether the trial court erred in denying appellant's motion to suppress evidence obtained by audio and video tape recordings made by various law enforcement officers.
Appellant's arrest was precipitated by his encounter with a "sting" operation undertaken by the Marion County Sheriff's Department and the Ocala Police Department. The police apparently organized a storefront operation under the name of "George's Swap Shop" which was designed to attract customers dealing in stolen merchandise. To monitor the activities of these customers, the storefront was equipped with video cameras, one-way mirrors, tape recorders and still photography equipment.
The evidence reflects that on September 16, 1981, appellant entered the store with a twelve-speed bicycle for the purpose of obtaining an offer. Appellant did not accept the amount offered and left with the bicycle. The next day, appellant returned to George's Swap Shop with Milton Peterson, his stepson, and the bicycle was sold for $40.00. Appellant moved to suppress audio and video recordings which were made of these transactions. The motion was denied *1133 and trial and conviction followed. This appeal follows the denial of appellant's motion for new trial.
Appellant maintains that the audio and video recordings violate his rights of privacy under Article I, section 23[1] of the Florida Constitution (1980 Amendment) so as to preclude their admission into evidence, notwithstanding the provisions of section 934.03(2)(c), Florida Statutes (1981).[2] He contends that the authority given law enforcement officials by the statute must be strictly construed in favor of the citizen, citing Bagley v. State, 397 So.2d 1036 (Fla. 5th DCA 1981).
Appellant specifically relies on State v. Sarmiento, 397 So.2d 643 (Fla. 1981), in which the supreme court refused to permit the introduction into evidence of a warrantless interception by a body bug of a conversation between defendant and an undercover police officer in the defendant's home. However, Sarmiento has been limited solely to conversations which take place in the defendant's home. The courts have refused to extend Sarmiento to the defendant's back yard, Hill v. State, 422 So.2d 816 (Fla. 1982), to the defendant's place of business, Morningstar v. State, 428 So.2d 220 (Fla. 1982), or to the defendant's private office, Williams v. State, 420 So.2d 404 (Fla. 1st DCA 1982). In Hill, the supreme court specifically refused to extend the reasoning of Sarmiento "beyond the four walls of the home."
The facts here are even less compelling than those found in the cited cases decided since Sarmiento, because the defendant came into the store and openly entered into a transaction with a "salesperson." We find little to support his contention that he had a reasonable expectation of privacy when transacting his business in a place of business open to the public.
Parenthetically, we note that this case is not controlled by Article I, section 12, of the Florida Constitution as it was amended in the general election of 1982 to become effective January 4, 1983. In State v. Lavazzoli, 434 So.2d 321 (Fla. 1983), the supreme court held that this amendment, which mandates that Florida's exclusionary rule be interpreted in conformity with the United States Supreme Court's interpretation of the Fourth Amendment to the United States Constitution, alters a substantive right and is not to be applied retroactively. However, even a retroactive application of this constitutional amendment would not support appellant's position, because federal courts interpreting the Fourth Amendment to the United States Constitution have held that a citizen has a significantly lower legitimate expectation of privacy in a place of business open to the public then he has in the privacy of his home. See U.S. v. Reyes, 595 F.2d 275 (5th Cir.1979); see also, U.S. v. Glasgow, 658 F.2d 1036 (5th Cir.1981).
The judgment of conviction is AFFIRMED.
DAUKSCH and COWART, JJ., concur.
NOTES
[1] Art. I, § 23, Fla. Const.:

Right of privacy.  Every natural person has the right to be let alone and free from governmental intrusion into his private life except as otherwise provided herein. This section shall not be construed to limit the public's right of access to public records and meetings as provided by law.
[2] § 934.03(2)(c), Fla. Stat. (1981):

It is lawful under this chapter for a law enforcement officer or a person acting under the direction of a law enforcement officer to intercept a wire or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.