443 So.2d 952 (1983)
STATE of Florida, Petitioner,
v.
Patricia D. WILLIAMS, Respondent.
No. 62852.
Supreme Court of Florida.
December 8, 1983.
Rehearing Denied February 13, 1984.
*953 Jim Smith, Atty. Gen., and Kathryn L. Sands, Asst. Atty. Gen., Jacksonville, for petitioner.
Glenna Joyce Reeves, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
BOYD, Justice.
We have for review a decision of a district court of appeal, Williams v. State, 420 So.2d 404 (Fla. 1st DCA 1982), which expressly and directly conflicts with a decision of another district court of appeal. State v. Vanyo, 417 So.2d 1104 (Fla. 4th DCA 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Ronald Wampler, an informant for the police, met respondent Patricia Williams outside a courtroom where they both had scheduled appearances. He asked her if she knew where he could buy a large amount of marijuana. At first she replied in the negative, but in response to his offer of a large finder's fee she finally said that she might know someone who could find such a large amount, and gave Wampler her home telephone number. That afternoon Wampler called her from the office of a state attorney's investigator. The conversation was taped without a warrant, but with Wampler's consent. Wampler made several other calls to respondent, some of which were taped. There were also some in-person meetings taped by use of a hidden transmitter carried by Wampler on his person, but these did not take place in respondent's home. The conversations eventually led to a purchase by investigators of some fifty pounds of marijuana from another person.
Respondent was charged with sale or delivery of marijuana and solicitation to traffic in marijuana. She was also charged with violation of probation based on the incident. She filed a motion to suppress the tape recordings of the telephone conversations and "the fruits thereof," which included testimony about the telephone conversations, the tapes of the in-person conversations, testimony about the in-person conversations, and any testimony or evidence about the subsequent controlled purchase by investigators. The motion was based on the legal proposition that the unwarranted interception and recording of the telephone conversations were unconstitutional intrusions into the security and privacy of the home under article I, section 12, Florida Constitution (1968), and that the other items were tainted fruits of the illegal intrusion so that all the evidence was inadmissible. The trial court denied the motion to suppress, holding that the taping of the conversations did not violate respondent's constitutional rights and was authorized by statute, and that even if it was improper, the subsequently obtained evidence against her was not tainted by the impropriety.
After the denial of her motion to suppress, respondent entered a plea of nolo contendere to a charge of misdemeanor solicitation and violation of probation, reserving the right to appeal the denial of the motion. The state abandoned the charge of sale and delivery. Petitioner was sentenced to two years incarceration for violation of probation and one year for misdemeanor solicitation, the sentences to run concurrently.
On appeal, the district court reversed, holding that the warrantless recordings of the telephone conversations from within respondent's home should have been suppressed. The court interpreted State v. Sarmiento, 397 So.2d 643 (Fla. 1981), to hold that any warrantless interception of a person's private communications emanating from within the home is unreasonable and therefore violates article I, section 12, Florida Constitution. The court did not, however, accept respondent's argument about the fruits of the warrantless interceptions. The court held that the warrantless recordings of the in-person conversations, as well as testimony about and fruits *954 of all the conversations, were properly held admissible.
The state argues that the district court decision should be reversed because of the 1982 amendment to article I, section 12. We have held, however, that the amendment is to be given prospective effect only. State v. Lavazzoli, 434 So.2d 321 (Fla. 1983). The operative facts of this case and the proceedings in the trial court took place at a time prior to the effective date of the amendment. Therefore, article I, section 12, Florida Constitution (1968), applies to this case.
The state argues that State v. Sarmiento, does not compel the district court's holding and should not be extended to apply to the present situation.
Section 934.03(2)(c), Florida Statutes (1979), provides:
It is lawful under this chapter for a law enforcement officer or a person acting under the direction of a law enforcement officer to intercept a wire or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.[*]
In State v. Sarmiento this Court held that the warrantless electronic monitoring and recording of a conversation between an undercover police officer and the accused which took place inside the home of the accused was, even though the police had the consent of one of the parties to the conversation, unreasonable and violated article I, section 12, Florida Constitution (1968). Regarding the effect of section 934.03(2)(c), the Court said that "insofar as that statute authorizes the warrantless interception of a private conversation conducted in the home, it is unconstitutional and unenforceable." 397 So.2d at 645 (emphasis in original). The present case is factually distinguishable from Sarmiento in that here the conversation did not take place wholly within the home but rather took place by telephone with one terminus of the conversation being within the home. Since the Sarmiento decision, we have clearly indicated that the Sarmiento holding should be limited to the specific facts of that case. E.g., Morningstar v. State, 428 So.2d 220 (Fla. 1982); Hill v. State, 422 So.2d 816 (Fla. 1982), cert. denied, ___ U.S. ___, 103 S.Ct. 1262, 75 L.Ed.2d 488 (1983).
The determinative factor in Sarmiento was that both parties to the conversation  the target of the investigation and the law enforcement officer or consenting informant  were personally present inside the home of the target at the time of the interception. The communication was in-person, an "oral communication" under the statute. Here the conversation was by telephone and only the target of the investigation was within her home. We decline to characterize this conversation as having been conducted in her home. We therefore hold that Sarmiento does not apply and, accordingly, that section 934.03(2)(c) does. Accord State v. Vanyo, 417 So.2d 1104 (Fla. 4th DCA 1982); Miller v. State, 411 So.2d 944 (Fla. 4th DCA), rev. denied, 419 So.2d 1199 (Fla. 1982); Jacobs v. State, 389 So.2d 1054 (Fla. 3d DCA 1980), rev. denied, 397 So.2d 778 (Fla. 1981); State v. Shaktman, 389 So.2d 1045 (Fla. 3d DCA 1980), rev. denied, 397 So.2d 779 (Fla. 1981). The interception and taping did not contravene *955 article I, section 12, Florida Constitution (1968).
The informant testified that he consented to the interception of the wire communication by law enforcement authorities. He identified the tape recordings of the conversations. The purpose of the interception was to gain evidence of a future criminal act. Therefore the tape recordings were lawful under chapter 934 and were admissible.
Having decided that we must overrule the district court on the question of whether the telephone conversations were monitored and recorded in violation of the Florida Constitution, we need not consider the respondent's argument that the trial and appellate courts erred in finding the remaining items of evidence untainted by constitutional illegality.
We quash the decision of the district court of appeal. We remand and direct that the trial court's order denying the motion to suppress be affirmed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDONALD and EHRLICH, JJ., concur.
NOTES
[*] Under chapter 934, "wire communication" means:

any communication made in whole or in part through the use of facilities for the transmission of communications by the aid of wire, cable, or other like connection between the point of origin and the point of reception, furnished or operated by any person engaged as a common carrier in providing or operating such facilities for the transmission of intrastate, interstate, or foreign communications.
§ 934.02(1), Fla. Stat. (1979). "Oral communication" means:
any oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation and does not mean any public oral communication uttered at a public meeting.
§ 934.02(2). "Intercept" means "the aural acquisition of the contents of any wire or oral communication through the use of any electronic, mechanical, or other device." § 934.02(3).