LEHAN, Judge.
The defendant appeals from his convictions and sentencing for trafficking in marijuana and conspiracy to traffic in marijuana. We affirm.
Defendant contends that the trial court erred in denying his motion to suppress a recorded telephone conversation between defendant and George Hogg. Hogg, an alleged participant in the drug trafficking, had agreed to assist in the state’s investigation in return for a reduction of charges against him. Acting at the direction of a law enforcement officer, Hogg telephoned defendant and recorded the conversation. The defendant testified that he was asleep in his room at his cousin’s house when he was called to the telephone to answer the call from Hogg. Defendant testified that Hogg did not tell him that the call was being recorded or that Hogg was working for law enforcement authorities. Defendant made very incriminating statements during the telephone conversation. After defendant’s motion to suppress the taped conversation was denied, the tape was played twice for the jury (the second time being at the jury’s request during its deliberations).
Section 934.03(2)(c), Florida Statutes (1981), allows a law enforcement officer or person working under the direction of a law enforcement officer to intercept a wire or oral communication when the person doing the intercepting is a party to the communication if the purpose of the interception is to obtain evidence of a criminal act. In State v. Sarmiento, 397 So.2d 643 (Fla.1981), this statute was held unconstitutional to the extent that it authorized the warrantless interception of a private conversation conducted in the home.
Defendant argues that Sarmiento applies in this case and renders the taped telephone conversation illegal. The state argues, inter alia, that Sarmiento is inapplicable because defendant was not in his home when he received the call. However, we need not address whether the room which defendant was occupying was his home. Even if the room was his home, Sarmiento is inapplicable. In Sarmiento the taped conversation was an inperson conversation in which both participants were located in the defendant’s home. In this case, while defendant was arguably in his home, the other party, who telephoned defendant, was outside the home.
The Florida Supreme Court has recently held that Sarmiento does not apply to a situation identical to this case. In State v. Williams, 443 So.2d 952 (Fla.1983), the court held that a tape of a telephone call from an informant outside defendant’s home to defendant in her home did not contravene article I, section 12, Florida Constitution (1968), and was lawful under chapter 934, Florida Statutes (1979).
We find no merit in appellant’s remaining two contentions on appeal except that we strike that portion of defendant’s sentence which requires him to pay certain fines and costs as a condition of parole. See Alexander v. State, 425 So.2d 1197 (Fla. 2d DCA 1983). In all other respects, the judgments and sentences are AFFIRMED.
GRIMES, A.C.J., and SCHEB, J., concur.