453 So.2d 193 (1984)
The STATE of Florida, Appellant,
v.
Dennis L. RIDENOUR, Appellee.
No. 84-263.
District Court of Appeal of Florida, Third District.
July 24, 1984.
Jim Smith, Atty. Gen. and Richard E. Doran, Asst. Atty. Gen., for appellant.
William B. Seidel, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
PER CURIAM.
This is an appeal by the state from an order suppressing the fruits of an electronic surveillance of certain conversations of the defendant in his home conducted by an undercover police officer equipped with a "body bug" with the officer's consent. The defendant attacked the surveillance in his motion to suppress as having been unconstitutionally conducted under Article I, Section 12 of the Florida Constitution as interpreted by the Florida Supreme Court in State v. Sarmiento, 397 So.2d 643 (Fla. 1981). The trial court agreed and granted the motion to suppress. We reverse.
Subsequent to the Sarmiento decision, Article I, Section 12 of the Florida Constitution was amended to provide that the right secured thereby "shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court," and that "[a]rticles or information *194 obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution." We hold that Sarmiento does not survive these amendments to Article I, Section 12 of the Florida Constitution inasmuch as there are no United States Supreme Court decisions holding the same as Sarmiento; indeed, there are United States Supreme Court decisions in conflict with Sarmiento. United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971); Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963). This being so, Sarmiento is no longer the law of Florida and was erroneously relied on by the trial court as authority to suppress the fruits of the subject electronic surveillance. Moreover, it is plain that the amendments to Article I, Section 12 of the Florida Constitution are applicable to this case because the subject electronic surveillance took place after January 3, 1983, the effective date of said amendments. See State v. Lavazzoli, 434 So.2d 321 (Fla. 1983).
The order under review is reversed and the cause is remanded to the trial court for further proceedings.
Reversed and remanded.
HUBBART, Judge (concurring).
I concur in the opinion and judgment of the court. I write separately, however, to express my sincere regret at the passage of the recent amendments to Article I, Section 12 of the Florida Constitution, inasmuch as they amount, in effect, to a virtual repeal of the entire state constitutional right. By these amendments, Florida no longer has a separately protected constitutional right on search and seizure; it is now inexorably linked to the Fourth Amendment and has no independent existence apart from the Fourth Amendment. I doubt whether the voters realized that they were, in effect, repealing Article I, Section 12 of the Florida Constitution when they overwhelmingly approved the recent amendments in the November 1982 elections, but that is exactly what they did. Perhaps, with the passage of time, we will learn what a mistake that decision was and will act to restore Article I, Section 12 to its rightful place in the Florida Constitution. Until then, I think it clear that Article I, Section 12 of the Florida Constitution is a dead letter and that decisions such as State v. Sarmiento, 397 So.2d 643 (Fla. 1981), interpreting this constitutional provision to give our citizens greater rights than that guaranteed by the Fourth Amendment, are, most regretably, relics of the past.