463 So.2d 499 (1985)
STATE of Florida, Appellant,
v.
Robert William HUME, Appellee.
No. AW-279.
District Court of Appeal of Florida, First District.
February 11, 1985.
*500 Jim Smith, Atty. Gen., Gregory S. Costas, Asst. Atty. Gen., Tallahassee, for appellant.
Thomas W. Kurrus and Larry G. Turner of Turner, Kurrus & Griscti, P.A., Gainesville, for appellee.
SMITH, Judge.
The state appeals an order of the trial court granting appellee's motion to suppress certain conversations between appellee and an undercover police officer transmitted and recorded outside appellee's home by a "body bug" worn by the officer, as well as physical evidence seized subsequent to appellee's arrest. The state challenges all three grounds relied upon by the trial court in the order granting suppression. We affirm in part, reverse in part, and remand for further proceedings.
The trial court first found that State v. Sarmiento, 397 So.2d 643 (Fla. 1981), prohibited the interception of conversations within appellee's home and the simultaneous transmission of these conversations to the arresting officers outside the home, as violative of appellee's reasonable expectation of privacy. The trial court so ruled in spite of the amendment to Article I, Section 12 of the Florida Constitution, effective January 3, 1983, which provided that that provision was to be construed in conformity with the Fourth Amendment of the United States Constitution as further interpreted by the United States Supreme Court.[1] This was error.
The amendment to Article I, Section 12, applies because the electronic surveillance here occurred after January 3, 1983, the amendment's effective date. State v. Lavazzoli, 434 So.2d 321 (Fla. 1983); State v. Ridenour, 453 So.2d 193 (Fla. 3d DCA 1984). Under United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1971), reh. den., 402 U.S. 990, 91 S.Ct. 1643, 29 L.Ed.2d 156 (1971), the surreptitious interception of conversations between a criminal defendant and an agent of the state in the defendant's home, and simultaneous transmission of these conversations to other agents of the state outside the home, does not violate the Fourth Amendment to the United States Constitution. Accordingly, we join the third district in holding that Sarmiento does not survive the amendment to Article I, Section 12 of the Florida Constitution. State v. Ridenour, supra. Therefore, the trial court erred in relying on Sarmiento to suppress the conversations between appellee and the undercover officer in this case.
However, the trial court did not err in granting appellee's amended motion to suppress physical evidence seized without warrant subsequent to appellee's arrest inside his residence. The trial court found as a matter of fact that the undercover officer inside appellee's residence, after signaling to officers waiting outside that an illicit drug transaction had been consummated, on his own initiative opened the front door to allow the outside officers to enter and arrest appellee.[2] The trial court further found that after appellee was placed under arrest, the undercover officer returned to a bedroom closet  where appellee had earlier that same day shown the officer cocaine, sensemilla buds, and drug paraphernalia  and seized the described contraband. The *501 trial court found that in effecting appellee's arrest the officers had failed to comply with Section 901.19(1), Florida Statutes (1981), the "knock and announce" statute.[3] The trial court also found that the warrantless seizure of contraband from appellee's bedroom closet was not justified by any exception to the warrant requirement. Hence, the trial court held, all physical evidence seized subsequent to appellee's arrest must be suppressed.
Concerning the alleged violation of Section 901.19(1), we note first the well-settled rule that the statute must be strictly complied with. Hurt v. State, 388 So.2d 281, 284 (Fla. 1st DCA 1980), pet. for rev. den., 399 So.2d 1146 (Fla. 1981). Although there are four judicially recognized exceptions, none has been shown to apply here.[4]Hurt v. State, supra. Although there was testimony below indicating that the undercover officer had a subjective fear of possible violence prior to appellee's arrest, the officer admitted that he had no specific information regarding appellee's propensity for violence, but rather based his fear on past "buy-bust" experiences in general. Absent a specific basis for fearing either imminent peril to the undercover officer or a defendant's ability to escape or destroy evidence, the failure to "knock and announce" based on general information cannot be excused. Hunsucker v. State, 379 So.2d 1043 (Fla. 1st DCA 1980).
In opposition to the foregoing analysis, the state points to a line of cases dealing with "buy-busts" which collectively hold that the "knock and announce" statute does not apply where an undercover officer involved in an illicit transaction inside a defendant's residence departs, on a ruse, and later reenters followed by other officers who assist in the defendant's arrest. See, e.g., Griffin v. State, 419 So.2d 320 (Fla. 1982). These cases have found, in terms of the Fourth Amendment, that
... [T]he fact that one officer left and returned on a ruse may have benefited the officers by allowing them the added protection of other armed officers to assist in the arrest, but such conduct did not constitute an additional intrusion into the defendants' premises since such intrusion had already been lawfully accomplished by the undercover officers... .
State v. Steffani, 398 So.2d 475, 478 (Fla. 3d DCA 1981), aff'd. sub nom. Steffani v. State, 419 So.2d 323 (Fla. 1982), quoting Lawrence v. State, 388 So.2d 1250, 1253 (Fla. 4th DCA 1980), approved in Griffin, supra. We note, as the state points out, that the arresting officers possessed a warrant for appellee's arrest and performed no act to gain entry to appellee's residence because the undercover officer opened the door for the arresting officers. Thus, the state argues, the case at bar presents no facts requiring suppression based on Section 901.19(1), Florida Statutes.
We find, however, the cases alluded to by the state all involve a factual nuance not present in this case: namely, reentry into a defendant's residence by the undercover officer. Here, the undercover officer never left appellee's residence; rather, he allowed entry of the arresting officers by opening the front door. While it is arguable that this fact constitutes a distinction *502 without a difference, with respect to the rationale identified in Steffani, we are not prepared to so hold as a matter of law, especially given the mandate to strictly construe exceptions to Section 901.19(1). Hurt v. State, supra; Cf. State v. Steffani, supra, at 478, n. 7:
... [W]e do not adopt the extreme position advocated by the state that the use of the defendant's premises as a place of illegal business effects a waiver of his right to challenge any and all subsequent police intrusions into his home.
Accordingly, we find that the state has failed to overcome the presumption of correctness we must give to the trial court's ruling on this issue. DeConingh v. State, 433 So.2d 501, 504 (Fla. 1983), cert. den., ___ U.S. ___, 104 S.Ct. 995, 79 L.Ed.2d 228 (1984).
Finally, we hold that the trial court was correct in suppressing evidence seized without a warrant from appellee's walk-in closet subsequent to appellee's arrest. Since appellee's arrest was unlawful, the seizure subsequent to his arrest was unlawful. McGraw v. State, 387 So.2d 444, 446 (Fla. 1st DCA 1980), quashed on other grounds, 401 So.2d 1325 (Fla. 1981); Busch v. State, 392 So.2d 272, 273 (Fla. 1st DCA 1981), cert. den., 452 U.S. 909, 101 S.Ct. 3040, 69 L.Ed.2d 412 (1981); Walker v. State, 433 So.2d 644 (Fla. 2d DCA 1983).[5]
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] The amendment provides as follows:

Section 12. Searches and seizures.  The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution.
[2] Neither party has challenged in this court the trial court's findings of fact.
[3] Section 901.19(1) provides:

If a peace officer fails to gain admittance after he has announced his authority and purpose in order to make an arrest either by a warrant or when authorized to make an arrest for a felony without a warrant, he may use all necessary and reasonable force to enter any building or property where the person to be arrested is or is reasonably believed to be.
[4] The exceptions are:

(1) where the person within already knows of the officer's authority and purpose;
(2) where the officers are justified in the belief that the persons within are in imminent peril of bodily harm;
(3) if the officer's peril would have been increased had he demanded entrance and stated the purpose; or
(4) where those within made aware of the presence of someone outside are then engaged in activities which justify the officers in the belief that an escape or destruction of evidence is being attempted.
Jones v. State, 440 So.2d 570, 573 (Fla. 1983), citing Benefield v. State, 160 So.2d 706, 710 (Fla. 1964).
[5] Absent the circumstance of an initially unlawful arrest, the seizure of contraband from appellee's bedroom closet would have been lawful, since his Fourth Amendment expectation of privacy was waived by his actions in granting the undercover officer access to that area and in displaying the contraband for the officer's perusal. State v. Schwartz, 398 So.2d 460 (Fla. 4th DCA 1981); State v. Perry, 398 So.2d 959 (Fla. 4th DCA 1981).