502 So.2d 948 (1987)
Paul L. MADSEN, Appellant,
v.
STATE of Florida, Appellee.
No. 85-889.
District Court of Appeal of Florida, Fourth District.
January 21, 1987.
Certification and Rehearing Denied March 10, 1987.
James M. Russ and Terrence E. Kehoe of the Law Offices of James M. Russ, P.A., Orlando, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Penny H. Brill, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Chief Judge.
Appellant was convicted of trafficking in heroin and was sentenced to pay a substantial fine as well as to serve a twenty-five-year minimum mandatory prison term.
At trial, the state introduced into evidence a tape recording which had been made during the drug transaction. Appellant had unsuccessfully moved, prior to trial, to suppress this evidence and objected, again unsuccessfully, to its introduction before the jury. Appellant's objection was based upon his contention that the tape recording had been made in violation of the Florida constitutional prohibition against unreasonable searches and seizures.
The transaction involving a sale of heroin was consummated in appellant's bedroom which was located in his mother's home. The sounds of the transaction, including appellant's voice, were recorded by the use of a body bug concealed on the person of a *949 participant who was, in actuality, an undercover police officer. It is the location of the transaction on which appellant relies in pressing his claim of constitutional unreasonableness.
Article I, section 12 of the Florida Constitution provides:
The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution.
Amended, general election, Nov. 2, 1982.
The Florida legislature, in implementation of the right to be free from unreasonable searches and seizures, has enacted a statute which prohibits the interception of private conversations and which statute contains its own "exclusionary clause." That statute, however, exempts from its operation the interception of oral communications by a police officer when the officer is one of the communicants or where one party to the conversation has given prior consent to the interception. § 934.03(2)(c), Fla. Stat. (1977).
Appellant's contention that section 12 was violated here despite this statutory exception is based primarily on State v. Sarmiento, 397 So.2d 643 (Fla. 1981). Sarmiento involved an almost identical fact situation: warrantless interception by means of a "body bug" by police of a conversation regarding a heroin transaction between the defendant and an undercover officer in the defendant's home. The court recognized that the United States Supreme Court had held that the Federal Constitution permitted this type of electronic intrusion into the home, but concluded, in holding it unconstitutional under the Florida Constitution as follows:
[I]nsofar as that statute [§ 934.03(2)(c)] authorizes the warrantless interception of a private conversation conducted in the home, it is unconstitutional and unenforceable. Our colleague [in dissent] continues that the United States Supreme Court has held that the Federal Constitution permits the type of electronic interception found here. But surely he would concede that the citizens of Florida, through their state constitution, may provide themselves with more protection from governmental intrusion than that afforded by the United States Constitution. A fundamental task of the judiciary is to safeguard the constitutional rights of the citizenry. The criminal justice system must protect the rights of the innocent as swiftly and as certainly as it punishes the guilty, less it impinge upon the rights of those whom it, with good intentions, seeks to protect.
Id. at 645 (emphasis original).
The difficulty with appellant's reliance on Sarmiento is that it predates the 1982 amendment to article 1, section 12 of the Florida Constitution, whereby the citizens of Florida expressed their desire to have the protections contained in this section of our constitution construed in accordance with the United States Supreme Court's construction of the United States Constitution. Since the amendment took effect, two district courts of appeal have considered the question of whether Sarmiento is still good law and concluded that it is not. State v. Hume, 463 So.2d 499 (Fla. 1st DCA 1985); State v. Ridenour, 453 So.2d 193 (Fla. 3d DCA 1984). We concur in the conclusion that Sarmiento is no *950 longer viable. We conclude that the tape recording was properly admitted.
Appellant's additional contention that recording of his conversation constituted a violation of his right to privacy embodied in article 1, section 23 of the Florida Constitution, is similarly rejected. If we were to apply the right to privacy in the manner proposed by appellant, we would effectively nullify the constitutional amendment to section 12, and this is obviously not an appropriate judicial prerogative.
We find no merit in appellant's other points on appeal.
The judgment refers to section 893.135(1)(b) of the Florida Statutes which should, instead, be a reference to section 893.135(1)(c)3. We therefore affirm the judgment and sentence but remand to permit correction of the clerical error.
AFFIRMED.
DELL and WALDEN, JJ., concur.