728 So.2d 796 (1999)
Ryan COMMERFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0567.
District Court of Appeal of Florida, Fourth District.
March 3, 1999.
*797 Richard L. Jorandby, Public Defender, and Valentin Rodriguez, Jr., of Valentin Rodriguez, P.A., Special Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Ryan Commerford appeals from his adjudication of guilt upon a jury verdict finding him guilty of lewd assault, and resulting 122 month prison sentence. He raises seven points on appeal. While we affirm Commerford's conviction and sentence, we write to discuss three of the points raised.

Facts
Commerford was charged with two counts of committing lewd assault on a minor under the age of sixteen. It was undisputed that the victim "consented" to sexual activity with Commerford. The key to the state's case *798 against him lay in a tape recording of a conversation between the victim and Commerford which the victim, at the police's request, secretly recorded.
Commerford challenged admission of the tape by arguing it was unintelligible and inaudible. He based his argument on the distinct, loud background noises heard on the tape, on the detective's testimony that he could not decipher what Commerford was saying, and the inability of the court reporter to transcribe the contents of the tape. The court, nevertheless, admitted the tape. The court also allowed, over Commerford's objection, the jury to review a transcript of the tape while it listened to the tape.
Commerford did not testify but proceeded on the theory of fabrication. He introduced testimony of neighbors who testified the victim had a reputation in the community for being untruthful. The court prohibited him, however, from introducing testimony about the victim's past sexual activities that Commerford proffered was necessary to show she was "covering up" her sexual activities with a boy named "Billy"[1] by falsely accusing him. The jury later found Commerford guilty as charged.

The tape recording, the constitutionality of the secret "wire, "and the transcripts
Commerford first argues the court erred by allowing the jury to hear the partially inaudible tape and to refer to an "inaccurate" transcript of the same. The general rule regarding admissibility of partially inaudible tape recordings is that such recordings are admissible unless the inaudible and unintelligible portions are so substantial as to deprive the remainder of relevance. Odom v. State, 403 So.2d 936, 940 (Fla.1981). Partial inaudibility or unintelligibility is not a ground for excluding a recording if the audible parts are relevant, authenticated, and otherwise properly admissible. Wilson v. State, 680 So.2d 592, 594 (Fla. 3d DCA 1996) (citations omitted), rev. granted, 689 So.2d 1072 (Fla.), dismissed, 693 So.2d 33 (Fla. 1997). In any event, the admission of such tapes lies within the court's discretion. Odom, 403 So.2d at 940.
We hold that the trial court did not abuse its discretion in admitting the tape. The tape clearly reveals sufficient relevant portions that were audible to justify its admission, including the portion where Commerford asks if the victim would like to have sex "again." Additionally, the victim herself testified that the tape was a fair and accurate representation of the conversations she had with Commerford.
Nevertheless, Commerford argues that his Fourth Amendment rights were violated when police failed to obtain a warrant and then had the victim surreptitiously record a conversation with him. We disagree. Section 934.03(2)(c), Florida Statutes (1997), permits a warrantless interception of oral communications where one of the parties to the communication has given prior consent to the interception and the purpose of the interception is to obtain evidence of a criminal act. Tollett v. State, 272 So.2d 490 (Fla.1973), receded from on other grounds sub. nom. State v. Welker, 536 So.2d 1017, 1020 (Fla. 1988); Waters v. State, 444 So.2d 1135 (Fla. 2d DCA 1984); § 934.03, Fla. Stat. (1997). Here, the victim's testimony that she agreed with police to record her conversation with Commerford for the purpose of obtaining evidence of his lewd assault upon her satisfied the requirements of statute, see Welker, supra, and, thus, we hold the tape was admissible.
Similarly, we do not believe that any reversible error occurred by allowing the jury to refer to the transcript of the tape while listening to same. The victim authenticated the tape by testifying it was a fair and accurate representation of the conversation she had with Commerford on that day. See Macht v. State, 642 So.2d 1137, 1138 (Fla. 4th DCA 1994)(holding a jury may view an accurate transcript of an admitted tape recording as an aid in understanding the tape so long as the transcript does not go back to the jury room or become a focal point of the trial) (citation omitted). Accordingly, we affirm on these issues.

*799 Limiting cross-examination of the victim regarding her prior sexual activity

We also hold the court did not err in prohibiting Commerford from cross-examining the victim regarding her prior sexual activity with "Billy." In reaching this conclusion, we are mindful that a criminal defendant has a constitutional right to full and fair cross-examination to show a witness's possible bias or motive to be untruthful, Marr v. State, 494 So.2d 1139, 1143 (Fla.1986). We also note that, notwithstanding section 794.022(2), Florida Statutes (1997), a victim's prior sexual activity with anyone other than the accused may be admissible if, following an in camera proceeding, the evidence tends to show that someone other than the defendant committed the act. Marr, 494 So.2d at 1142 (Fla.1986). Here, however, the court conducted such a proceeding wherein Commerford was allowed to fully inquire of the victim the names of other persons with whom she had had sexual relations. As such line of questioning did not reveal that she indeed had sex with any person other than Commerford, we affirm the court's control of Commerford's cross-examination.
As to the other issues Commerford raises on appeal, we affirm as unpersuasive.
AFFIRMED.
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] On the tape recording, the victim, who told Commerford she was pregnant, stated that she was going to tell her parents she had sex with Billy.