411 So.2d 944 (1982)
Raymond George MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-988.
District Court of Appeal of Florida, Fourth District.
March 24, 1982.
Rehearing Denied April 21, 1982.
*945 Richard L. Jorandby, Public Defender, and Louis G. Carres, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Appellant was convicted of criminal solicitation to commit murder in the first degree. At issue is the denial of his motion to suppress various tape recordings of his conversations. We affirm. In May, 1979, appellant saw an ad placed by Jerry Baker of California in Soldier of Fortune Magazine. He wrote to Baker stating that he was divorced, required to give 40% of his military retirement pay to his former wife, and was looking for a solution to his problems. Baker replied in writing giving a telephone number to call. Appellant called Baker from a pay phone on June 16, 1980, and unbeknownst to him, Baker recorded this call in the presence of a California police officer. Arrangements were made for Baker to come to Florida. When he arrived on July 1, 1980, Baker cooperated with local authorities who had been contacted by the California police, and agents of the Broward County State Attorney's Office furnished him a motel room. Baker, acting with police approval and cooperation, called appellant and held a brief conversation which was taped by the agents. In this conversation, Baker advised he was in town and suggested a meeting. Later in the day, appellant went to the motel to meet Baker. The room had been wired by the police with Baker's consent so that the conversation could be taped. As he left the motel room, appellant was arrested. The various taped conversations plus other evidence supported the charge that Baker was being solicited by Miller to kill Miller's former wife.
Appellant contends that his conversation taped by Baker in California on his own initiative as a private citizen was inadmissible as evidence in Florida under Section 934.03(2)(d), Florida Statutes (1979), because both parties had not consented to the recording of the conversation. This section provides that a wire or oral communication may be intercepted when all of the parties to the communication have consented. The State argues that since the conversation was recorded in California, it should be governed by California law. In California, recordings made by private individuals without the consent of the other party are admissible when they are made to obtain evidence relating to the commission of a *946 crime of violence against a person and are voluntarily surrendered to the police. Cal. Penal Code § 633.5; People v. Ayers, 51 Cal. App.3d 370, 124 Cal. Rptr. 283 (Cal.Ct. App. 1975). We need not reach this conflicts of law issue as we hold the tape recording of the conversation was admissible under Section 934.03(2)(c), Florida Statutes (1979). That section provides:
(c) It is lawful under this chapter for a law enforcement officer or a person acting under the direction of a law enforcement officer to intercept a wire or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception, and the purpose of such interception is to obtain evidence of a criminal act.
Upon receipt of appellant's letter, Baker contacted the California police and presented them with a copy of the letter. He told the police that appellant would be calling him on June 16, 1980. A police officer was present during the taping of the conversation. We believe that the presence of the officer was sufficient to bring this recording within the purview of the above statute.
Regarding the other two conversations, appellant maintains that they were inadmissible because the State Attorney's Office failed to obtain a warrant. Although Section 934.03(2)(c), Florida Statutes (1979), does not require a warrant, appellant contends that under the holding of State v. Sarmiento, 397 So.2d 643 (Fla. 1981), police officers must seek a warrant where time exists to do so. We view Sarmiento more narrowly as holding that a communication transmitted from a person's home under the supervision of law enforcement officers and intercepted by a witness outside the home is not admissible in evidence. Morningstar v. State, 405 So.2d 778 (Fla. 4th DCA 1981). Sarmiento is inapplicable in a situation where one of the parties to a telephone conversation is located outside the person's home and is acting pursuant to Section 934.03(2)(c), Florida Statutes (1979). As to the conversation in Baker's motel room, clearly the limitation expressed in Sarmiento is inapplicable as both parties were located outside the home and a motel room is not the functional equivalent of a home. Padgett v. State, 404 So.2d 151 (Fla. 1st DCA 1981). We thus hold the recordings of the telephone conversations between appellant and Baker and the conversation in the motel room were both admissible.
AFFIRMED.
DOWNEY and DELL, JJ., concur.