426 So.2d 983 (1983)
Ronnie FRALEY, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 81-2510, 81-2521.
District Court of Appeal of Florida, Third District.
January 4, 1983.
Rehearing Denied February 28, 1983.
*984 Bennett H. Brummer, Public Defender and Daniel H. Forman, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Jack B. Ludin, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellant raises two issues by this appeal: (1) the court erred in not suppressing a suggestive in-court identification, (2) the court vindictively sentenced him because he exercised his constitutional right to a trial by jury. We dispose of the first issue briefly. Considering all the circumstances, the alleged suggestive procedure did not give rise to a substantial likelihood of irreparable misidentification. Grant v. State, 390 So.2d 341 (Fla. 1980).
We now address the second issue. The trial court offered appellant a sentence of six years in exchange for a plea of guilty to charges of armed robbery and probation violation. He refused the offer. After trial by jury, appellant was convicted and the court imposed a twenty-five year sentence. Appellant points to the persistence of the court in the plea offer which was refused, and the severe sentence imposed after conviction, as evidence of judicial vindictiveness.
Appellant contends that the court became thoroughly familiar with the facts of the case during hearings on a motion for bond, and a combined probation violation and suppression hearing, thus, the more severe sentence could not have been based on any new facts. No presentence investigation was conducted.
Our attention is directed to specific colloquies in the record:
[October 2]
[Defense counsel]: I have also explained the circumstances and the law to Mr. Fraley. I believe he understands it and he has decided not to accept either the State's offer or the Court's offer.
Court: The court's offer will be revoked at this time.
[Prosecutor]: State's also.
[October 28]
Court: I made an offer. The outstanding plea offer is rejected so we are in a trial posture.
[November 2, at commencement of the trial]
Court: Mr. Fraley, so we are on the record, you understand that the Court conveyed an offer to you of six years in the State pen on all cases and you are turning that down?
Defendant: Yes.
Court: Okay ... No more plea offers.
[November 5, after all the evidence had been presented to the jury]
Court: Offer is still open to Mr. Fraley, too.

*985 Court: Mr. Forman, let me say, in order to sweeten the pot, as far as your client is concerned, I will let him plead no contest to the armed robbery charge, let him appeal the probation violation of five years, with the understanding that if I would be reversed on the Probation Violation Hearing, I would vacate the sentence on the armed robbery no contest, we can start anew... If I am affirmed on the Probation Hearing it sticks, six years on the armed robbery charge... Talk to your client.
Court: I will give both defendants until 10:00 tomorrow to consider it.
[November 6, before the jury began deliberations]
Court: I want to know one thing. Are they taking the plea offer, yes or no?
Defendant: No.
The law is clear that any judicially imposed penalty which needlessly discourages assertion of the fifth amendment right not to plead guilty and deters the exercise of the sixth amendment right to demand a jury trial is patently unconstitutional. United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968) (a statute, violation of which is punishable by death on a jury's recommendation, but which assures no execution if the accused enters a guilty plea, is invalid because it encourages guilty pleas); Thomas v. United States, 368 F.2d 941 (5th Cir.1966) (imposition of harsher punishment as a result of defendant's refusal to waive his fifth amendment rights held improper); R.A.B. v. State, 399 So.2d 16 (Fla. 3d DCA 1981) (decision to adjudicate juvenile delinquent based upon his assertion of fifth amendment right to remain silent and right to plead not guilty was improper); McEachern v. State, 388 So.2d 244 (Fla. 5th DCA 1980) (court could not impose a more severe sentence because of the costs and difficulty involved in proving the State's case); Gillman v. State, 373 So.2d 935 (Fla. 2d DCA 1979) (defendant's choice of plea should not have played any part in the determination of his sentence); Hector v. State, 370 So.2d 447 (Fla. 1st DCA 1979) (defendant's failure to confess to crime is an improper consideration in imposing sentence). Compare United States v. Grayson, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978) (sentencing court can properly give consideration to defendant's false testimony observed by the judge during trial).
The cases relied upon by the state, Smith v. Wainwright, 664 F.2d 1194 (11th Cir.1981) and Blackmon v. Wainwright, 608 F.2d 183 (5th Cir.1979), holding that a defendant may not complain simply because he received a heavier sentence after trial than he would have under the plea bargain, are not controlling. In neither case had the court offered the sentence in exchange for the plea. Moreover, in Smith, the court delayed sentencing for several months while awaiting and pondering a presentence investigation report which was considered in imposing sentence. See also Cole v. Wainwright, 614 F.2d 67 (5th Cir.1980) (trial court was not aware of government's plea offer).
Most assuredly, under the laws of this state a trial judge has considerable discretion as to what sentence to impose and where the sentence is within statutory minimums or maximums appellate review will be limited to determining whether the process used by the judge in arriving at a sentence was fair, particularly whether the factors taken into consideration were relevant and reliable. See Smith v. Wainwright, 664 F.2d 1194 (11th Cir.1981); Scott v. United States, 419 F.2d 264 (D.C. Cir.1969).
But we simply cannot determine from this record what factors the court took into account in imposing a sentence four times more severe than that which had been offered, which offer was renewed even after the conclusion of all the evidence. When a trial judge imposes a sentence upon a defendant after trial, which is more severe than the plea offer made by the court after it has heard all the evidence, the reasons for the more severe sentence must affirmatively appear in the record so as to assure the absence of vindictiveness. Cf. North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Because *986 of the total absence of reasons for the more severe sentence we find the sentence presumptively unlawful.[1]
The judgment of conviction is AFFIRMED, and the cause is remanded to the trial court with instructions to resentence the defendant in accordance with the plea offer or to make record findings supportive of the more severe sentence.
NOTES
[1] In fairness to the trial judge, it should be noted that the practice described herein  participation by the court in the plea bargaining process  is commonplace in the state courts of this district. There is no state counterpart to Rule 11 of the Federal Rules of Criminal Procedure which forbids a judge from participating in plea bargaining, Fed.R.Crim.P. 11(e)(1), though the practice is frowned upon elsewhere. See American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 3.3 (1967). The Standards recognize a number of reasons why a trial judge should stay out of plea discussions, all of which raise questions of fundamental fairness: (1) judicial participation in the discussions can create the impression in the mind of the defendant that he would not receive a fair trial were he to go to trial before this judge, (2) judicial participation in the discussions makes it difficult for the judge objectively to determine the voluntariness of the plea when it is offered, (3) judicial participation to the extent of promising a certain sentence is inconsistent with the theory behind the use of the presentence investigation report, (4) the risk of not going along with the disposition apparently desired by the judge may seem so great to the defendant that he will be induced to plead guilty even if innocent. Commentary to Standards, Section 3.3(a).

We do not question the validity of the sentence in this case merely because of the disparity between the plea offer and the sentence after trial. The Supreme Court of the United States has held that it is constitutionally permissible for the state to extend a benefit to a defendant who in turn extends a substantial benefit to the state and who demonstrates by his plea that he is ready and willing to admit his crime and to enter the correctional system in a frame of mind that affords hope for success in rehabilitation over a shorter period of time than might otherwise be necessary. Brady v. United States, 397 U.S. 742, 753, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747 (1969). We emphasize that this case is singled out because of three unusual circumstances, (1) the offer was renewed by the court at the conclusion of the evidence after the labors of trial were substantially completed, (2) no presentence investigation was conducted, nor is there evidence of any other appropriate factors the court might have considered, (3) the sentence finally imposed is, by comparison with the last plea offer, strikingly harsh.