430 So.2d 611 (1983)
Raymond George MILLER, Petitioner,
v.
STATE of Florida, Respondent.
No. 83-331.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
*612 Raymond George Miller, pro se.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for respondent.
PER CURIAM.
Raymond George Miller petitions this Court for a writ of habeas corpus on the grounds of ineffective assistance of appellate counsel. Petitioner asserts ineffectiveness *613 in the direct appeal of his conviction and thirty year prison sentence for solicitation to commit murder in the first degree.
The relevant facts leading to the solicitation charge against petitioner are set out in this Court's opinion on direct appeal as follows:
In May, 1979, appellant saw an ad placed by Jerry Baker of California in Soldier of Fortune Magazine. He wrote to Baker stating that he was divorced, required to give 40% of his military retirement pay to his former wife, and was looking for a solution to his problems. Baker replied in writing giving a telephone number to call. Appellant called Baker from a pay phone on June 16, 1980, and unbeknownst to him, Baker recorded this call in the presence of a California police officer. Arrangements were made for Baker to come to Florida. When he arrived on July 1, 1980, Baker cooperated with local authorities who had been contacted by the California police, and agents of the Broward County State Attorney's Office furnished him a motel room. Baker, acting with police approval and cooperation, called appellant and held a brief conversation which was taped by the agents. In this conversation, Baker advised he was in town and suggested a meeting. Later in the day, appellant went to the motel to meet Baker. The room had been wired by the police with Baker's consent so that the conversation could be taped. As he left the motel room, appellant was arrested. The various taped conversations plus other evidence supported the charge that Baker was being solicited by Miller to kill Miller's former wife. Miller v. State, 411 So.2d 944, 945 (Fla. 4th DCA 1982), petition for review denied, 419 So.2d 1199 (Fla. 1982).
Petitioner declined a written plea offer by the State and proceeded to trial. Petitioner's own taped conversations provided most of the incriminating evidence against him. The jury found petitioner guilty as charged of criminal solicitation to commit murder in the first degree.
On direct appeal, the public defender raised as error the trial court's refusal to suppress the tapes of two telephone conversations between petitioner in Fort Lauderdale and Jerry Baker in California and the tapes of a local telephone call and a final conversation held in Baker's Fort Lauderdale motel room. In Fort Lauderdale, petitioner made his final arrangements which included making a $300 partial payment to Baker to have his former wife killed in Texas without drawing suspicion to petitioner. This Court held that the trial court did not err in ruling all the tapes admissible, and affirmed petitioner's conviction and sentence. Miller v. State, supra. Petitioner now contends that he received ineffective assistance of appellate counsel and seeks a belated appeal.
Petitioner's allegations of ineffectiveness must meet the following test:
First, the specific omission or overt act upon which the claim of ineffective assistance of counsel is based must be detailed in the appropriate pleading.
Second, the defendant has the burden to show that this specific omission or overt act was a substantial and serious deficiency measurably below that of competent counsel. As was explained by Judge Leventhal in [United States v.] DeCoster III [624 F.2d 196 (D.C., 1976)]: "To be `below average' is not enough, for that is self evidently the case half the time. The standard of shortfall is necessarily subjective, but it cannot be established merely by showing that counsel's acts or omissions deviated from a checklist of standards." 624 F.2d at 215....
Third, the defendant has the burden to show that this specific, serious deficiency, when considered under the circumstances of the individual case, was substantial enough to demonstrate a prejudice to the defendant to the extent that there is a likelihood that the deficient conduct affected the outcome of the court proceedings. In the case of appellate counsel, this means the deficiency must concern an issue which is error affecting the outcome, not simply harmless error. This *614 requirement that a defendant has the burden to show prejudice is the rule in the majority of other jurisdictions.
Fourth, in the event a defendant does show a substantial deficiency and presents a prima facie showing of prejudice, the state still has an opportunity to rebut these assertions by showing beyond a reasonable doubt that there was no prejudice in fact. This opportunity to rebut applies even if a constitutional violation has been established. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); DeCoster III. Knight v. State, 394 So.2d 997, 1001 (Fla. 1981) (footnote omitted).
Petitioner has failed to meet his burden of demonstrating that the failure to bring any or all of his asserted points on direct appeal constituted a substantial and serious deficiency in appellate representation.
Petitioner first contends that effective appellate counsel would have challenged the constitutionality of the criminal solicitation statute, Section 777.04(2), Florida Statutes (1981), on the grounds of vagueness. He contends that persons of common intelligence must guess at its meaning and application. Subsections (2) and (4) of Section 777.04 must be read in pari materia. Subsection (4) limits the application of Subsection (2) by defining the types of crimes punishable under the statute. We do not find the criminal solicitation statute unconstitutionally vague, particularly as applied to petitioner who solicited the premeditated murder of his former wife.
Petitioner next contends that appellate counsel should have argued that the Florida solicitation statute should not apply to him, a person who solicited in Florida a murder to be committed in Texas. The California Supreme Court rejected a similar argument in People v. Burt, 45 Cal.2d 311, 288 P.2d 503 (Cal. 1955), on public policy grounds.
It does not follow, however, that when the Legislature has singled out the solicitation of the most serious of crimes, it likewise intended to punish their solicitation only when they were to be committed in this state. Legislative concern with the proscribed soliciting is demonstrated not only by the gravity of the crimes specified but by the fact that the crime, unlike conspiracy, does not require the commission of any overt act. It is complete when the solicitation is made, and it is immaterial that the object of the solicitation is never consummated, or that no steps are taken toward its consummation. People v. Haley, 102 Cal. App.2d 159, 165, 227 P.2d 48; People v. Gray, 52 Cal. App.2d 620, 653, 127 P.2d 72; 1 Burdick, The Law of Crime (1946), §§ 104-106. Section 653f is concerned not only with the prevention of the harm that would result should the inducements prove successful, but with protecting inhabitants of this state from being exposed to inducements to commit or join in the commission of the crimes specified, cf. People v. Chase, 117 Cal. App. Supp. 775, 780, 1 P.2d 60, and the evils it seeks to prevent are present whether the object of the solicitation is to be accomplished within or without this state. Thus, in the present case defendant used the prospects of large monetary rewards to attempt to induce the prosecutrix to commit acts of prostitution and extortion, with residents of this state as intended victims. Such solicitation is inimical to the public welfare and to the safety and morals of the inhabitants of this state, regardless of where the solicited acts are to be performed, and a construction of section 653f that limits its operation to solicitation of acts that are to be consummated within this state would defeat, rather than effect, the object of that statute. See Pen. Code, § 4.
Defendant contends, however, that since he was charged with soliciting "the crime of Extortion" he could not properly be convicted unless it was proved that the acts solicited would constitute the crime of extortion at the place where they were to be performed and that the prosecution therefore failed to sustain its burden of proof since it offered no evidence to *615 prove that the acts solicited would constitute the crime of extortion under the laws of Mexico. Since it is the solicitation in this state alone that is punishable, and since it is immaterial where the acts solicited are to be performed, the law of other states governing such acts is likewise immaterial, see People v. Chase, supra, 117 Cal. App.Supp. 775, 780, 1 P.2d 60, and proof of the law of Mexico was therefore unnecessary. Id. 505-06 (emphasis added).
We find the rationale of the Burt decision prohibiting criminal solicitation no matter where the actual crime is to be committed consistent with the Florida solicitation statute. Petitioner solicited in Florida for the commission of a contract murder  one of the most serious crimes in any civilized society. Therefore, we need neither interpret nor limit the scope of the Florida solicitation statute on the facts of the case sub judice.
Petitioner's third point asserts that effective appellate counsel would have raised the lack of a ruling on the motion to compel deposition answers from Jerry Baker. The trial court deferred ruling on the motion to compel until the witness appeared before the court. Petitioner's trial counsel never raised the issue again but did cross-examine Baker vigorously. We find no harmful error by appellate counsel not raising this point on appeal.
Petitioner's fourth and fifth points concern the failure to raise the disallowance of certain impeachment testimony as points of error on direct appeal. Our review of the disallowed testimony satisfies us that the proffered impeachment by James Miller and John Shuman did not show that Jerry Baker was under active criminal investigation in Georgia. The impeachment evidence proffered from Vaughn Castle concerned statements by Baker which were completely irrelevant except to show Baker's bad character. Since two other witnesses informed the jury that Baker's reputation for truth and veracity in his community was bad, Castle's proffered testimony was merely cumulative. We find no merit in either of these points, particularly in light of the fact that almost all of the damaging evidence against petitioner came from his own words on tape soliciting Baker to commit murder.
Petitioner also argues that appellate counsel should have raised the denial of his motion for directed verdict on direct appeal. The only grounds for the motion for directed verdict not already discussed concerns whether the State presented any evidence to show solicitation in Broward County prior to July 1, 1980, as charged in the information. "The gist of criminal solicitation is enticement... ." Hutchinson v. State, 315 So.2d 546, 548 (Fla. 2d DCA 1975). The record contains evidence which established that petitioner discussed the killing of his former wife in two earlier telephone calls made from Fort Lauderdale to Jerry Baker in California, and that the solicitation occurred during the dates specified in the information.
Petitioner's seventh point asserts that appellate counsel failed to raise as error the trial court's refusal to instruct the jury on the offenses of solicitation to commit second degree murder, third degree murder or manslaughter. We cannot envision a situation in which a jury could find a contract killing as anything other than premeditated. Therefore, petitioner could not have solicited manslaughter or any degree of murder less than first degree. Appellate counsel correctly declined to raise this issue on direct appeal.
Petitioner contends in his final point that effective appellate counsel would have raised the disparity between the State's written plea offer of an extensive probationary term and the thirty year prison sentence imposed after trial. He contends that he received an impermissible enhanced penalty for exercising his right to a jury trial. However, absent record evidence of vindictiveness by the trial court, a defendant may not complain after he turns down a plea offer by the prosecutor and then receives a more severe sentence after trial. United States v. Resnick, 483 F.2d 354, *616 358 (5th Cir.1972), cert. denied, 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed.2d 246 (1973); see also, Fraley v. State, 426 So.2d 983 (Fla. 3d DCA 1983). The record below contains no indication of a plea offer by the trial court at any time.
Petitioner has failed to demonstrate under the standards set out in Knight v. State, supra, that effective appellate representation required the presentation of any of the issues set forth in this petition. Accordingly, we deny the petition for writ of habeas corpus.
WRIT DENIED.
DOWNEY, DELL and WALDEN, JJ., concur.