NIMMONS, Judge.
Powe appeals from a drug trafficking conviction. He claims that the trial court erred in admitting, over objection, tape recordings of four telephone conversations between the defendant and one Robert Levesque, an informant who was participating with law enforcement officials in an undercover drug investigation. We affirm after considering this case en banc pursuant to Fla.R.App.P. 9.331(a) and (b).
Two of the calls were placed on October 8, 1980, by Levesque to Powe at his home in Miami. The next day, Powe telephoned Levesque and advised him that he was in Jacksonville prepared to do business. This call was not monitored or recorded by the detectives and is, therefore, not in dispute. After advising the lead detective of Powe’s call, Levesque placed the other two disputed telephone calls on October 9, 1980, to Powe at the latter’s motel room.
In addition to the tape recordings of the four conversations being received in evidence, Levesque testified at trial concerning such conversations and stated that the conversations were monitored and recorded with his consent. The trial court also admitted, over objection, Officer Prescott’s testimony in which he related the contents *156 of the October 8, 1980, conversations which he overheard with Levesque’s consent.
Powe does not contend that the monitoring and recording of these calls without a court order were violative of Chapter 934, Florida Statutes, inasmuch as Section 934.-03(2)(c) purports to excuse any Chapter 934 authorization order under these circumstances:
It is lawful under this Chapter for a law enforcement officer or person acting under the direction of a law enforcement officer to intercept a wire or oral communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.
Instead, Powe’s objections were based upon Article I, Section 12, of the Florida Constitution. That section, prior to its amendment effective January 4, 1983,[1] provided in pertinent part:
The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means shall not be violated.
[[Image here]]
Articles or information obtained in violation of this right shall not be admissible in evidence, (emphasis supplied)
Powe relies upon State v. Sarmiento, 397 So.2d 643 (Fla.1981), and this Court’s opinion in Williams v. State, 420 So.2d 404 (Fla. 1st DCA 1982), in which the majority per Judge Shaw extended the Supreme Court’s holding in Sarmiento. In Williams, the majority observed:
In State v. Sarmiento, 397 So.2d 643 (Fla.1981), the defendant and undercover agent were in the defendant’s home when their conversation was transmitted outside the home by means of a “body bug” to police officers who monitored and recorded the conversation. The court held that the undercover agent could testify as to the contents of the conversation, but the police officers who monitored and recorded the conversation from outside the home could not testify as to the conversation, nor could the recording be introduced. Our reading of Sarmiento and of article I, section 12 is that they protect the person within the home and that this protection is not predicated on the physical location of the person who consents to the recording of the conversation. It matters not whether the consenting party is outside of the home, nor whether the means used to penetrate the privacy of the home is a “body bug, ” as in Sarmiento, or a telephone, as here. A “body bug” and a telephone are electronic devices which, by transmitting the human voice beyond the confines of the home, provide the means to intrude into the home. Both fall within the phrase “by any means” in article I, section 12. In our view, Sar-miento is dispositive of all the issues posed here: the warrantless recordings of the telephone conversations from within the home must be suppressed, the warrantless recordings of the person-to-person conversations outside the home may be admitted; the police informant may testify as to the contents of all the conversations; and the fruits of all the conversations may be admitted. [420 So.2d at 405] [emphasis supplied]
We feel compelled to recede from the majority’s holding in Williams. It is one thing to hold, as in Sarmiento, that the Article I, Section 12, right of privacy is violated where a “bugged” police informant conversing with a suspect inside the *157 latter’s residence transmits their conversation to nearby surveilling law enforcement officers.[2] It is, we think, quite another to hold that privacy rights under the above Florida Constitutional provision should be construed to encompass telephone conversations between a person in his residence and agents of law enforcement officials situated away from such premises. Even if the appellant in this case subjectively expected that his telephone conversation would be regarded as private and not divulged to others, such expectation, in order to fall within the protection of Article I, Section 12, must be one which society reasonably can be expected to recognize. Compare State v. Rickard, 420 So.2d 303, 306 (Fla.1982). We are of the view that a person who chooses to converse with another person located outside his home does so at risk that such other person may be a law enforcement officer or a consenting agent of the officer and that the contents of his incriminating conversations will be admissible in evidence. The majority’s mistake in Williams centers around the following expressed premise:
It matters not whether the consenting party is outside of the home, nor whether the means used to penetrate the privacy of the home is a “body bug,” as in Sarmiento, or a telephone, as here. [420 So.2d at 405]
To the contrary, we think there is a significant difference in terms of the reasonableness of a person’s privacy expectations between the situation involving conversations within the person’s home and the situation where the person chooses to converse with another who has not been admitted into the sanctity of the home. We agree with our sister court in Miller v. State, 411 So.2d 944, 946 (Fla. 4th DCA 1982):
Sarmiento is inapplicable in a situation where one of the parties to a telephone conversation is located outside the person’s home and is acting pursuant to Section 934.03(2)(c), Florida Statutes (1979).
See also State v. Vanyo, 417 So.2d 1104 (Fla. 4th DCA 1982).
Powe cán find no comfort in the pre-Sarmiento Florida Supreme Court decision of Tollett v. State, 272 So.2d 490 (Fla.1973). There, the monitoring officers testified that the telephone conversations between Toilet and the undercover agent were monitored with the consent of the agent. A sharply divided Supreme Court held that the testimony of the officers concerning such conversations must be suppressed under Article I, Section 12. However, the opinion clearly reflects that the reason for its ruling was because of the fact that the undercover agent did not testify at trial, the court holding that the officers’ testimony that the agent had consented to the monitoring of the calls was inadmissible. Stated Justice Ervin for the court:
Davis [the undercover agent] was not present as a witness. No explanation appears in the record as to why Davis was not called by the State as a witness or any reason given for his unavailability. [272 So.2d at 492]
[[Image here]]
Under the language of Section 12 of Article I of the 1968 Constitution, the recordings should not have been made by the officer unless he had first obtained an interception warrant, or had secured consent from one of the parties to the communication and established this fact under the safeguards and conditions hereinafter noted. Such a requirement for a search warrant absent clearly established consent is neither unfair nor impractical. [272 So.2d 493]
As previously noted in this opinion, Levesque was present and testified at trial *158 regarding the telephone conversations, and it was clearly established that they were monitored with his consent.
Although the Florida Supreme Court has not directly addressed the issue regarding the possible extension of its Sarmiento holding to telephone conversations as in the case sub judice, we are persuaded by a reading of the Sarmiento opinion and the post-Sarmiento expressions of the Florida Supreme Court that the overly broad construction of Article I, Section 12, urged by appellant and embraced by the majority in Williams v. State, supra, is not justified. In Sarmiento, the court stated:
Our colleague in dissent contends vigorously that the Florida Legislature recognizes the right of a police officer to intercept an oral communication when such person is a party to the conversation or where one of the parties to the communication has given prior consent to the interception. § 934.03(2)(c), Fla.Stat. (1977). Our response to this contention is simple; insofar as that statute authorizes the warrantless interception of a private conversation conducted in the home, it is unconstitutional and unenforceable. [emphasis in original]
Later, in Hill v. State, 422 So.2d 816, 818 (Fla.1982), the Court had this to say about the limitations of its holding in Sarmiento:
The instant case is, however, distinguishable from Sarmiento because the instant tape recording was a conversation which occurred in appellant’s backyard, not in the home. We refuse to extend the reasoning in Sarmiento and the protections of article I, section 12, beyond the four walls of the home. We note Odom v. State, 403 So.2d 936 (Fla. 1981), is also distinguishable from our holding in the instant case because that interception was in the home.
We, therefore, recede from the majority’s opinion in Williams v. State, supra, and hold that the trial court did not err in receiving in evidence the tape recording of the two October 8, 1980, telephone conversations resulting from Levesque’s calls to appellant at the latter’s home. We also hold that it was not error to receive Officer Prescott’s testimony relating those two conversations.
With respect to the two October 9, 1980, telephone conversations between Levesque and appellant while the latter was situated in a Jacksonville motel room, the trial court did not err in receiving in evidence the tape recordings of those conversations. We have previously held that a motel room is not the functional equivalent of a home insofar as the applicability of the Sarmiento ruling. Padgett v. State, 404 So.2d 151 (Fla. 1st DCA 1981), accord Miller v. State, 411 So.2d 944 (Fla. 4th DCA 1982).
We have examined the remaining points asserted by appellant and find them to be without merit.
AFFIRMED.
MILLS, ROBERT P. SMITH, Jr., BOOTH, LARRY G. SMITH, SHIVERS, WENTWORTH, JOANOS, THOMPSON, WIGGINTON and ZEHMER, JJ., concur.
ERVIN, C.J., specially concurs.

. The amendment to Article I, Section 12, provides for that section to be construed, in conformity with the Fourth Amendment as interpreted by the United States Supreme Court. It further provides that evidence acquired in violation of that section shall be inadmissible if such evidence would be inadmissible under United States Supreme Court decisions construing the Fourth Amendment. The State argues that we should apply the amendment retroactively to the case at bar. However, the Florida Supreme Court recently determined the retroactivity question adversely to the State. State v. Lavazzoli, 434 So.2d 321 (Fla.1983).

. Even this "intrusion” is not deemed a violation of a person’s Fourth Amendment reasonable expectation of privacy. See United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453 (1970); United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979). The rationale, in part, is that the Fourth Amendment does not protect a person from the possibility that one in whom he confides will violate that confidence. Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1976); Lewis v. United States, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966); Odom v. State, 403 So.2d 936, 939 (Fla.1981).