PER CURIAM.
Defendant, charged with aggravated assault, was found guilty of the lesser included offense of assault. He was adjudged guilty and placed on probation for a period of six months with the special conditions that he serve thirty days in jail and pay a $300.00 fine. We affirm.
The major contention on appeal is that the trial court erred by admitting certain hearsay testimony from the victim’s father. We agree that the testimony was inadmissible hearsay. However, it amounted to nothing more than a brief duplication of the victim’s admissible testimony which was subject to full cross-examination. As such, we are satisfied that the evidentiary error did not affect the verdict and, thus, can be classified as harmless error. See Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). We are guided by the principle that “a defendant is entitled to a fair trial but not a perfect one,” for there are no perfect trials. Bruton v. United States, 391 U.S. 123, 135, 88 S.Ct. 1620, 1627, 20 L.Ed.2d 476 (1968) (quoting Lut-wak v. United States, 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593 (1953)). Since the error in the case at bar was harmless and did not impair the fairness of the trial, the defendant’s conviction and sentence are
AFFIRMED.
HURLEY and WALDEN, JJ., concur.
GLICKSTEIN, J., dissents with opinion.