DANIEL S. PEARSON, Judge.
The trial court imposed fifteen and five-year consecutive sentences upon the defendant after finding that he violated the terms and conditions of his probation. The defendant’s sole point on appeal is that the severity of these sentences when compared to the State’s pre-hearing offer of a three-year sentence, which offer was expressly declared to be “appropriate” by the trial judge, raises a presumption that the severe sentences were unlawfully retaliatory and unjustly punished the defendant for having exercised his constitutional right to a probation violation hearing. The defendant contends further that this presumption has not been dissipated, as it must be under Fraley v. State, 426 So.2d 983 (Fla. 3d DCA 1983), by an affirmative record showing that the harsher sentence was not im *643 posed out of vindictiveness. The defendant asks that the case be remanded to the trial court with instructions to make record findings supportive of the harsher sentence or impose a sentence in conformity with the plea offer.
We affirm the sentences imposed. In the unique setting of Fraley, the trial judge himself made the plea offer and evinced a personal interest in the defendant’s acceptance of it, and it could thus be said that the defendant’s rejection of the offer might give rise to vindictiveness in the offeror.[1] In the present case, although there is evidence that the trial judge would have likely approved a three-year plea bargain between the parties, had one been struck, there is nothing whatever to indicate that the trial judge was interested in having the defendant accept the plea offer so that a rejection of the offer could be viewed as a rebuff to the judge. Therefore, where, as here, there is nothing in the record to show that the trial court had a personal stake in whether the defendant accepted the plea offer, or rejected the offer and asserted his right to a hearing, no presumption of unconstitutional vindictiveness arises, and the harsher sentence needs no explaining. Since in the absence of evidence of vindictiveness, a defendant who rejects a plea offer may not complain about receiving a harsher sentence after trial, see Miller v. State, 430 So.2d 611 (Fla. 4th DCA 1983), the sentences must be
Affirmed.

. In Frazier, a/k/a Fraley v. State, 467 So.2d 447 (Fla. 3d DCA 1985), the appeal after remand of Fraley v. State, 426 So.2d 983, this court held that the trial judge’s explanation dissipated the presumption of vindictiveness and upheld Fra-ley’s sentence.