PER CURIAM.
The defendant Charles Williams appeals his conviction and sentence for grand theft and raises four points on appeal. We find no merit in any of these points and affirm.
First, the defendant complains that the trial court erred in denying a defense motion for mistrial based on certain statements made by the prosecuting attorney during voir dire of the jury which, it is urged, amounted to impermissible comment on the defendant’s failure to testify. We disagree. The statements complained of do not constitute such impermissible comment, and, in any event, weré entirely harmless in view of the overwhelming evidence of guilt presented below. See State v. Marshall, 476 So.2d 150, 153 (Fla.1985); Gonzalez v. State, 488 So.2d 171 (Fla. 3d DCA 1986); Barry v. State, 467 So.2d 434, 437 (Fla. 5th DCA 1985). We have not overlooked the case of Ramos v. State, 413 So.2d 1302 (Fla.3d DCA 1982), but find the prosecuto-rial comments in that case entirely distinguishable from the comments in this case.
Second, the defendant complains that the trial court erred in denying a defense motion for mistrial based on the admission of several items of evidence. Plainly, no reversible error is presented by this point, and a mistrial was not called for in this case. See Malloy v. State, 382 So.2d 1190, 1192 (Fla.1979); Mainor v. State, 415 So.2d 827, 828 (Fla. 3d DCA 1982); Yesbick v. State, 408 So.2d 1083, 1085 (Fla. 4th DCA), cert. dismissed, 417 So.2d 331 (Fla.1982).
Third, the defendant complains about certain alleged hearsay evidence. The admission of this evidence, even if error, was entirely harmless because (a) the evidence complained of was cumulative of other admissible evidence in the case, and (b) the evidence of guilt in the case was overwhelming. See Brunelle v. State, 456 So.2d 1324, 1325 (Fla. 4th DCA 1984); Lane v. State, 430 So.2d 989, 990 (Fla. 3d DCA 1983); Fitter v. State, 261 So.2d 512 (Fla. 3d DCA 1972).
Finally, we find no merit in the sentencing point. Fernandez v. State, 471 So.2d 642 (Fla. 3d DCA 1985).
Affirmed.