656 So.2d 550 (1995)
James Joseph SPERA, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 94-00048.
District Court of Appeal of Florida, Second District.
June 9, 1995.
*551 Christy E. LeValley, Palm Harbor, for appellant/cross-appellee.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellee/cross-appellant.
QUINCE, Judge.
The appellant/cross-appellee, James Joseph Spera, appeals his conviction for trafficking in cocaine. The state cross-appeals the trial court's granting of a motion for judgment of acquittal on the charge of conspiracy to traffic in cocaine. We affirm the judgment for trafficking and reverse the judgment of acquittal with instructions to reinstate the jury verdict.
Spera was tried by a jury on November 3-5, 1993, for trafficking in cocaine and conspiracy to traffic in cocaine. He was found guilty on both counts. On November 18, 1993, the trial court granted a renewed motion for judgment of acquittal on the conspiracy count and sentenced Spera to four and one-half years' imprisonment with a minimum mandatory three years on the trafficking count.
We find no merit in Spera's arguments that he was improperly characterized as a drug dealer or that he was deprived of a meaningful closing argument. We do find merit in the state's argument that the trial court improperly granted a judgment of acquittal on the conspiracy charge. Spera was charged with conspiracy to traffic in cocaine in violation of section 893.135(4), Florida Statutes (1989). The information alleged that Spera "did knowingly and unlawfully agree, conspire, or confederate with Frederick Bonin or William Brame, or others unknown to commit the offense of Trafficking in 28 grams or more, but less than 200 grams of cocaine, ... ." To prove conspiracy to traffic the state must show by competent evidence there was an agreement between Spera and at least one other person, not a law enforcement officer, to traffic by possessing, delivering or selling cocaine in the proscribed quantity to some other person. Both an agreement and an intent to commit the offense are essential elements of a conspiracy. State v. Russell, 611 So.2d 1265 (Fla. 2d DCA 1992); Jimenez v. State, 535 So.2d 343 (Fla. 2d DCA 1988). While mere presence at the scene is not enough to establish participation in a conspiracy, a conspiratorial agreement can be inferred from circumstantial evidence. Perez v. State, 561 So.2d 1265 (Fla. 3d DCA) rev. denied, 576 So.2d 289 (Fla. 1990). The state presented evidence in the instant case of an agreement and an intent to deliver twenty-eight grams of cocaine.
Officer Michael Peasley of the Pinellas County Sheriff's Office testified Spera's arrest was the result of a controlled buy setup between a confidential informant (C.I.) and the sheriff's office. On December 27, 1990, the C.I. set up a deal between himself and Frederick Bonin. He met with Bonin and another person identified as William Brame. They discussed the purchase of two ounces of cocaine. The transaction did not take place because Bonin and Brame did not bring the cocaine with them, and the C.I. would not *552 give them the money without the cocaine. The transaction took place on January 4, 1991, when either Bonin or Brame paged the C.I. and a meeting was arranged. The arrangement was for the purchase of one and one-half ounces of cocaine. The exchange was to take place at Tyrone Square Mall, and Officer Peasley accompanied the C.I. to the mall. A search was made of the C.I.'s person and vehicle, and a surveillance team monitored the purchase.
Officer Peasley and the C.I. were waiting in the mall parking lot when Bonin and Brame arrived. Peasley wanted to see the cocaine before he would turn over the money, but Bonin and Brame did not have the cocaine on them. Brame said the source was in the parking lot. Peasley left to make a phone call for instructions on whether he should give them the money before receiving the cocaine. Upon his return, Peasley gave Bonin $1,175.00 for the purchase of one ounce of cocaine. Bonin gave the money to Brame, who got into his car and drove toward Bennigan's. Brame got out of the car and stood by the curb in front of Burdine's Department Store. Less than a minute later, a black Camaro pulled up along side of Brame, and he got into the car. The driver of the car was later identified as Spera. The black Camaro drove slowly around the parking lot, stopped briefly, then came back around. Brame exited the car and returned to his own vehicle. Brame drove back to Peasley and the C.I. Brame handed a napkin to Bonin, who handed it to Peasley. The napkin concealed a baggie containing a white substance. That substance was later identified as 26.8 grams of cocaine. Brame testified it was his understanding that he would get one ounce (approximately 28 grams) of cocaine from Spera.
While Brame was driving back to the location of Bonin, Peasley and the C.I., Spera got out of his car and went into Bennigan's. He was arrested as he exited Bennigan's. During a search of his person, $1,130.00 of the marked money given to Bonin was found. Six and one-half grams of cocaine were found in his car over the visor.
A motion for judgment of acquittal should only be granted if there is no legally sufficient evidence on which the jury could base a conviction. Brown v. State, 294 So.2d 128 (Fla. 3d DCA 1974). The circumstantial evidence in this case was sufficient to establish a conspiracy between Spera, Bonin and Brame to deliver an ounce of cocaine. Spera was not merely present at the scene. He brought the cocaine to a prearranged place in the mall to exchange money for drugs. He was not there fortuitously. He had the amount of cocaine requested, and he received the proceeds from the sale. The fact that he did not give the buyers the agreed upon twenty-eight grams does not negate his agreement to deliver that amount. See Kocol v. State, 546 So.2d 1159 (Fla. 5th DCA 1989).
Since there was sufficient evidence from which a jury could conclude that Spera conspired to traffic in cocaine, we reverse the trial court's order granting the motion for judgment of acquittal with directions to reinstate the jury verdict. In all other respects, we affirm.
SCHOONOVER, A.C.J., and PATTERSON, J., concur.