STEVENSON, C.J.
Manuel Castro was tried by a jury and convicted of solicitation to commit first degree murder and conspiracy to commit first degree murder. Castro appeals these convictions, arguing (1) that a new trial is required as a consequence of the trial court’s' failure to instruct the jury on the crimes of solicitation to commit second degree murder and conspiracy to commit second degree murder — offenses which he claims are necessarily lesser included offenses of the charged offenses — and (2) that his convictions for both crimes violate double jeopardy principles. We find merit in neither contention and affirm.

*308
The Evidence at Trial

The State’s theory of the case was that Castro was bitter following his divorce and decided to have his ex-wife, Luz Flores, killed to exact revenge for the property she had taken from him in the divorce. The State presented evidence that to accomplish Flores’s death, Castro reached out to his employee, Wilson Lopez. Lopez then reached out to Tobias Brown, a friend since childhood. Brown reached out to Seth Bain, a man he knew from work, who, unbeknownst to him, was working as an informant for the FBI. Bain reported the matter to the FBI. Agents put a recording device on Bain and recorded conversations Bain had with Brown and Lopez and had an undercover ATF agent act as the hit-man. The “hit-man” agreed to do the job for $10,000. Lopez told Castro the cost was $20,000, as he, Brown, and Bain were going to split the remaining $10,000. FBI agents contacted Flores and she agreed to allow a make-up artist to apply products to make it look as though she had been shot in the head. These photographs were provided to Brown and Lopez as proof that the job had been completed. Lopez testified that he gave Castro the picture and that Castro responded in the affirmative when he remarked “that’s what you wanted.”
Castro was not a participant in any of the recorded conversations and the evidence introduced by the State established that of all the people involved in the murder for hire scheme, Castro had spoken only to Lopez. Castro’s defense was that he had not solicited Lopez to have his ex-wife killed. Rather, Lopez had done this on his own accord in an attempt to impress Castro and in the hopes of furthering his plans to somehow purchase Castro’s deli meat delivery business.

The Jury Instruction Issue

During the charge conference, Castro’s counsel asked that the judge instruct the jury on the lesser crimes of solicitation to commit second degree murder and conspiracy to commit second degree murder. The trial court refused, finding the evidence did not support the giving of the instructions. Castro insists that solicitation to commit second degree murder and conspiracy to commit second degree murder are necessarily lesser included offenses of the charged crimes of solicitation and conspiracy to commit first degree murder and, thus, that the trial court’s failure to give the requested instructions was reversible error.
It is true that, where requested, the trial court must instruct the jury on category one, necessarily lesser included offenses and the failure to do so constitutes reversible error per se. See, e.g., Bryant v. State, 932 So.2d 408 (Fla. 2d DCA 2006); Nelson v. State, 665 So.2d 382 (Fla. 4th DCA 1996). We reject, however, Castro’s claim that solicitation to commit second degree murder is a necessarily lesser included offense of solicitation to commit first degree murder and that conspiracy to commit second degree murder is a necessarily lesser included offense of conspiracy to commit first degree murder. Not only does the schedule of lesser included offenses, which is “designed to be a complete, authoritative compilation that is presumed to be correct,” see Moore v. State, 932 So.2d 524, 527 (Fla. 4th DCA 2006), fail to list any lesser included offenses for the crimes of solicitation and conspiracy, but proving the crimes of solicitation and conspiracy to commit first degree murder will not necessarily prove the solicitation and conspiracy to commit second degree murder. See Higgins v. State, 565 So.2d 698, 699 (Fla.1990) (“The term ‘necessarily lesser included offense’ is self- *309 defining. If the greater offense is proved the lesser offense is also necessarily proved.”). This is so because the object of the solicitation or conspiracy is an element of the crime and if the object changes, then there is a separate crime — not a subset of a greater crime. See Jones v. State, 908 So.2d 615, 619 (Fla. 4th DCA 2005) (on clarification) (setting forth elements of crime of solicitation); Spera v. State, 656 So.2d 550, 551 (Fla. 2d DCA 1995) (setting forth elements of crime of conspiracy); Fla. Std. Jury Instr. (Crim.) 5.2 & 5.3 (framing jury instruction in fashion that requires judge to fill in the blank with the crime that is the object of the solicitation or conspiracy).
Having concluded that solicitation to commit second degree murder is not a necessarily lesser included offense of solicitation to commit first degree murder and that conspiracy to commit second degree murder is not a necessarily lesser included offense of conspiracy to commit first degree murder, Castro was entitled to the requested jury instructions only if the evidence before the court supported the giving of the same. We find that it did not.
This court has twice addressed this issue under facts similar to those here. In Miller v. State, 430 So.2d 611 (Fla. 4th DCA 1983), the defendant responded to a magazine ad, complaining he had been required to give his ex-wife forty percent of his retirement and indicating he was looking for a solution to his problems. The person who placed the ad was working with police and, ultimately, recorded conversations that led to the defendant’s being charged with and convicted of solicitation to commit first degree murder. After the conviction was affirmed on appeal, the defendant filed a writ of habeas corpus, alleging ineffective assistance of appellate counsel. Among the defendant’s myriad claims was a contention that appellate counsel had been ineffective for failing to challenge on appeal the trial court’s refusal to instruct the jury on the offenses of solicitation to commit second degree murder and solicitation to commit third degree murder or manslaughter. This court rejected the claim, writing “[w]e cannot envision a situation in which a jury could find a contract killing as anything other than premeditated. Therefore, petitioner could not have solicited manslaughter or any degree of murder less than first degree.” Id. at 615.
In Jones v. State, 908 So.2d 615 (Fla. 4th DCA 2005), the defendant was charged with solicitation to commit first degree murder. The evidence established Jones solicited a man he knew as “Frankie,” who was really an undercover police officer, to kill his wife’s boyfriend. There was some evidence that Jones solicited and intended the boyfriend’s death and other evidence that he only wanted the boyfriend very badly beaten. Over defense counsel’s objection that the instruction would be confusing, the trial court instructed the jury on the crime of solicitation to commit second degree murder. The jury found Jones guilty of solicitation to commit second degree murder and Jones appealed, arguing that the crime of solicitation to commit second degree murder did not exist in Florida. This court reversed Jones’s conviction, writing
We are aware of Miller v. State, 430 So.2d 611 (Fla. 4th DCA 1983), ... in which we held “[w]e cannot envision a situation in which a jury could find a contract killing as anything other than premeditated.” Although we stated that we “cannot envision” a contract killing that was not first degree murder, we did not go so far as to hold that solicitation to commit second degree murder does not exist. However, we do not need to hypothesize here as to potential factual scenarios in which the crime of solicita *310 tion to commit second degree murder might exist because we hold that, under the facts in this case, the only available options for the jury were solicitation to commit first degree murder or solicitation to commit aggravated battery.
908 So.2d at 620. In both Miller and Jones, we held that there could be no conviction for, and thus no jury instruction on, solicitation to commit second degree murder where the evidence established a contract killing. Such are the facts of this case. We thus find no error in the trial court’s refusal to give the requested instructions. As we have resolved the jury instruction issue by concluding that the evidence did not support the giving of the requested instructions, we do not reach the State’s argument that the crimes of solicitation to commit second degree murder and conspiracy to commit second degree murder do not exist in Florida.

The Double Jeopardy Issue

Next, Castro asserts that dual convictions for solicitation to commit first degree murder and conspiracy to commit first degree murder violate double jeopardy. “The prevailing standard for determining the constitutionality of multiple convictions for offenses arising from the same criminal transaction is whether the Legislature ‘intended to authorize separate punishments for the two crimes.’ ” Gordon v. State, 780 So.2d 17, 19 (Fla.2001) (quoting M.P. v. State, 682 So.2d 79, 81 (Fla.1996)). A determination of this legislative intent involves a two-part inquiry: first, the court must engage in the Blockburger[1] same elements test, i.e., “whether each offense has an element that the other does not,” (codified at section 775.021(4)(a)) and, second, even if each of the offenses has an element that the other does not, the court must determine if one of the exceptions set forth in section 775.021(4)(b) applies and nonetheless precludes separate convictions and sentences. Id. at 19-20.
The first part of the inquiry is satisfied as each crime requires proof of an element that the other does not. Solicitation requires proof that the defendant hired or encouraged another to commit a specific crime, while conspiracy does not, and conspiracy requires proof of an agreement between the defendant and another, while solicitation does not. See § 777.04(2)-(3), Fla. Stat. (defining crimes of solicitation and conspiracy); Jones, 908 So.2d at 619 (setting forth elements of solicitation); Spera, 656 So.2d at 551 (setting forth elements of conspiracy); State v. Johnson, 561 So.2d 1321, 1323 (Fla. 4th DCA 1990) (recognizing solicitation does not require an agreement with another and the offense is complete upon the asking).
In considering the second prong of the inquiry, Castro argues that separate convictions for solicitation to commit first degree murder and conspiracy to commit first degree murder are precluded because this case fits within the statutory exception for “[o]ffenses which are degrees of the same offense as provided by statute.” § 775.021(4)(b)2., Fla. Stat. In determining whether the second exception in section 775.021(4)(b) applies, it is appropriate to look to whether the two offenses arising from the single criminal episode are simply varying degrees of the same core offense, i.e., are the two crimes directed at the same evil. See State v. Florida, 894 So.2d 941, 949 (Fla.2005); Gordon, 780 So.2d at 23; Gorday v. State, 907 So.2d 640, 644 (Fla. 3d DCA 2005). We find persuasive the view expressed by a Michigan appeals court: “the purpose of the conspiracy statute is to protect society from the increased danger presented by group activity as op *311 posed to individual activity” and “the purpose of the solicitation statute is to prescribe [sic — proscribe] the inducement of another to commit an offense.” People v. Jones, No. 250326, 2005 WL 657578, at *5 (Mich.Ct.App. Mar.22, 2005); see also People v. Herman, 97 Cal.App.4th 1369, 1384-85, 119 Cal.Rptr.2d 199 (2002) (stating “threatened communication of criminal inclinations so as to infect others and enlarge the criminal enterprise is the core evil at which criminal solicitation laws are aimed”); People v. Roberts, 83 Ill.App.3d 311, 319, 38 Ill.Dec. 854, 404 N.E.2d 278 (1980) (stating “the evil of conspiracy to be punished centers around the group activity and combination inherent in such conduct”). We thus reject Castro’s claims that solicitation to commit first degree murder and conspiracy to commit first degree murder are simply degree variants of the same core offense and that a conviction for each crime violates double jeopardy.

Affirmed.

STONE and POLEN, JJ., concur.

. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).