GROSS, C.J.
 

 An arson victim taped a phone conversation with an acquaintance who was the primary suspect for a crime. We hold that a law enforcement officer’s verbal authorization to the victim to tape any such phone conversation was sufficient to render the victim’s “interception” of the phone communication lawful under section 934.03, Florida Statutes (2006).
 

 The state charged Paul Mead with burglary of a dwelling and arson, arising from a 2006 house fire. Shortly after the fire, the owner of the house was interviewed by Lieutenant Richard Schuler, a supervisor with the State Fire Marshal’s Office. During the interview, Mead called the owner on her cell phone. The owner and Mead were acquaintances, although Mead had unreciprocated romantic feelings for her.
 

 The owner held up the phone so that both she and Schuler could hear the short conversation. The owner asked Mead why he had set her house on fire. Mead responded that he wanted to tell her, but he would not talk about it over the phone because he did not know who might be listening.
 

 After this phone conversation ended, the owner said, “[T]oo bad we couldn’t have gotten that[.]” Then the owner asked, “Do you think I should tape the conversation?” Schuler told her, “[A]bsolutely.... If he calls again. If you are able to, tape it.” Thus, Schuler testified, he verbally authorized the owner to record any future conversations with Mead as part of the criminal investigation.
 

 Mead called the owner again several days later. The owner recorded this second conversation. At trial, the state offered the recording in evidence. The trial judge overruled Mead’s objection and the jury listened to the recording. Mead was convicted as charged.
 

 The trial court properly admitted the recording into evidence under subsection 934.03(2)(c), Florida Statutes (2006). Subsection 934.03(1) generally prohibits the intentional interception and disclosure of wire, oral, or electronic communications. However, subsection 934.03(2) provides several exceptions to the general prohibition, including this one:
 

 It is lawful ... for an investigative or law enforcement officer or
 
 a person acting under the direction of an investigative or law enforcement officer
 
 to intercept a wire, oral, or electronic communication when such person is a party to the communication or one of the parties to the communication has given prior consent to such interception and the purpose of such interception is to obtain evidence of a criminal act.
 

 (Emphasis added).
 

 Mead argues that the phrase “under the direction” connotes “significantly greater supervision than where a person merely acts ‘at’ the direction of another.” However, the language of the statute does not require active police involvement or presence during the recording process. We construe “under the direction” as synonymous with “authorized by.”
 
 See also Commerford v. State,
 
 728 So.2d 796, 798 (Fla. 4th DCA 1999) (statute satisfied where victim “agreed with police to record her conversation” with defendant). Schu-ler’s direction to the owner was sufficient to bring the recording under the umbrella of subsection 934.03(2)(c).
 

 Mead relies on
 
 Miller v. State,
 
 411 So.2d 944 (Fla. 4th DCA 1982), for the proposition that there must be something more
 
 *883
 
 than a law enforcement officer’s authorization to make an interception lawful under subsection 934.03(2)(e). However, Mead reads this case too expansively. In
 
 Miller,
 
 a disgruntled former husband contacted a prospective hit man to find “a solution to his problems.”
 
 Id.
 
 at 945. By letter, the hit man sent the husband his telephone number, and Miller called.
 
 Id.
 
 However, “unbeknownst to him, [the hit man] recorded this call in the presence of a California police officer.”
 
 Id.
 
 The recording of the telephone conversation was admitted at the husband’s trial.
 
 See id.
 
 Affirming a conviction of criminal solicitation, we held “that the presence of the officer was sufficient to bring this recording within the purview of’ subsection 934.03(2)(c).
 
 Id.
 
 at 946.
 

 In
 
 Miller,
 
 we did not create a rule that an officer had to be present when a recording was made in order for a recording to comply with section 934.03. Rather, we held that the facts in
 
 Miller
 
 satisfied subsection 934.03(2)(c), without creating any minimum requirements.
 

 Affirmed.
 

 MAY and CIKLIN, JJ., concur.