PALMER, J.
 

 Demetrice T. Longley (defendant) appeals his judgments and sentences which were entered by the trial court after a jury found him guilty of committing the crimes of conspiracy to deliver cocaine and possession of cocaine. Determining that the trial court erred in issuing its jury instruction with regard to the conspiracy count, we reverse and remand for a new trial on that conviction. We affirm as to the possession of cocaine conviction.
 

 The defendant was convicted based upon a drug transaction set up by a confidential informant, Ewanda Stephens. The defendant approached Stephens and offered to sell drugs to anyone that she might know who wanted them. Thereafter, Stephens contacted the police department regarding the defendant’s offer and agreed to work as a confidential informant. Stephens then contacted the defendant and set up a drug sale to a representative of the police department. The drugs were procured by Jerry Brown. On the day of the arranged sale, the defendant and Brown arrived at Stephens’ hotel room. Brown stayed in the hotel room while the defendant and Stephens went to meet the police department representative at his hotel room. The defendant waited in his vehicle while Stephens went into the hotel room. At that time, the defendant was arrested. Based on this evidence, the jury found the defendant guilty of conspiring to deliver cocaine and possession of cocaine.
 

 The defendant contends that the trial court committed fundamental error in instructing the jury on the charge of conspiracy to deliver cocaine. We agree.
 

 The trial court instructed the jury as to an element of the conspiracy charge as follows:
 

 In order to carry out the intent, Deme-trice Longley agreed, conspired, combined, confederated with Jerry L. Brown or Ewanda Stephens to cause delivery of cocaine to be committed either by them or by one of them or by some other person.
 

 (Emphasis added). This instruction improperly authorized the jury to find the defendant guilty of conspiracy solely based upon conspiring with Stephens, who was a confidential informant.
 
 See Spera v. State,
 
 656 So.2d 550 (Fla. 2d DCA 1995) (stating that there must be an agreement between the defendant and one other party who is not a law enforcement officer);
 
 O’Connor v. State,
 
 590 So.2d 1018, 1019 (Fla. 5th DCA 1991) (considering a confidential informant to be a police agent for purposes of a conspiracy charge). Because the jury returned a general verdict form, it is unknown whether the jury found the defendant guilty of conspiring with Stephens or with Brown. This situation is analogous to cases involving erroneous jury instructions involving a theory of a crime not charged in the information.
 
 See Trahan v. State,
 
 913 So.2d 729, 729 (Fla. 5th DCA 2005) (holding that reversible error was committed because the general verdict form made it impossible to determine whether the jury found the defendant guilty of the charged acts or those acts in the jury instructions that were not charged in the information).
 

 The State contends that no error occurred because the initial agreement between the defendant and Stephens occurred before Stephens was acting as a
 
 *738
 
 police agent. We disagree. No agreement existed between the defendant and Stephens to enter into a drug transaction until after Stephens contacted the police.
 

 The State also argues that this court should interpret the current conspiracy statute, which was amended in 1975, to allow a defendant to be convicted for conspiring with a law enforcement agent (the unilateral conspiracy approach). The State’s argument is unpersuasive because Florida courts have continued to hold that Florida adheres to the bilateral conspiracy approach; thus, a defendant cannot be found guilty of conspiring with a law enforcement officer.
 
 See Spera,
 
 656 So.2d at 551;
 
 O’Connor,
 
 590 So.2d at 1019.
 

 Lastly, the State argues that the jury instruction is similar to an instruction given in
 
 Isom v. State,
 
 619 So.2d 369 (Fla. 3d DCA 1993). However, this case is distinguishable. In
 
 Isom,
 
 the Third District held that the jury instruction did not amount to fundamental error because the police agent’s conduct was not a material issue with respect to the particular conspiracy count.
 
 Id.
 
 at 374-75. Here, as the State properly concedes, the State did rely on the agreement between the defendant and Stephens to prove the conspiracy charge.
 

 Accordingly, we reverse the defendant’s conviction for conspiracy to deliver cocaine and remand for a new trial on that charge. We affirm the defendant’s judgment and sentence for possession of cocaine.
 

 AFFIRMED in part; REVERSED in part; and REMANDED.
 

 GRIFFIN and JACOBUS, JJ„ concur.